60559. JONES v. THE STATE.

POPE, Judge.
Jerry Wayne Jones appeals his conviction of child abandonment pursuant to Code Ann. § 74-9902, asserting (1) that the state did not show a wilful and voluntary abandonment of the illegitimate child because it failed to prove that the appellant knew the child was his own and (2) that Jones was denied his right to a fair and impartial jury. We find no merit in these contentions and affirm the conviction and sentence.

1. The state presented testimony of the prosecutrix and another witness, a mutual friend of the appellant and the prosecutrix, establishing that Jones and the prosecutrix had lived together from January of 1976 to February of 1979, at which time the prosecutrix moved back into the home of her parents. The child was born June 20, 1979. The prosecutrix had not dated other men while living with Jones and took birth control pills until advised against them by her doctor. She and Jones had contemplated marriage, but after she became pregnant Jones asked her to move out. Prior to the birth of the child Jones told his friend that "it was his [appellant's] child,

there was no doubt about that, but that he didn't want to get married and that he would help pay the hospital bills and pay her decent support . . ." When Jones failed to help pay the hospital bills, the prosecutrix swore out a warrant for child abandonment which was dropped when Jones gave her $25 and promised regular support. No more payments were made and the instant prosecution ensued. There was also testimony of a medical expert that a blood test established that Jones could be the father of the child. Appellant presented no evidence and did not testify. This evidence leads to the inescapable conclusion that Jones knew the child was his. Accord, *Lancette v. State,* 151 Ga. App. 740 (1) (261 SE2d 405) (1979).

2. During the course of the trial, one of the jurors informed the court that she thought she might know the appellant, that she had "met a Jerry Jones before but I don't know if this is him or not." The judge instructed that the appellant be brought in to "see if she knows him," and the defense counsel moved for a mistrial. The juror was not sure if the appellant was the person she had met only once in 1975 and indicated when questioned by the court that she could give appellant a fair and impartial trial.

The motion for mistrial was properly overruled, as was the motion for new trial based on this ground. "[U]nder the Sixth Amendment, in order for an appellant to establish the denial of his right to an impartial jury, he must show either (a) *actual* juror partiality or (b) circumstances *inherently prejudicial* to that right. [Cits.]" *Brooks v. State,* 244 Ga. 574, 577 (261 SE2d 379) (1979), vacated on other grounds, 446 U. S. 961 (100 SC 1759, 64 LE2d 821) (1980). There has been no showing here of any factor which would have precluded this juror from determining appellant's guilt or innocence solely on the evidence presented at trial. We find no basis for reversal for any reason assigned.

*Judgment affirmed. McMurray, P.J. and Banke, J. concur.*

DECIDED JANUARY 16, 1981.

*Daniel Lee Dean,* for appellant.
*William E. Frey, Solicitor, Martin L. Cowen III, Assistant Solicitor,* for appellee.