60760. WILLIAMS v. THE STATE.

POPE, Judge.
   Appellant was convicted of motor vehicle theft and attempting to elude a police officer. We affirm.
   1. Appellant asserts that the "failure to appoint counsel until after indictment deprived Appellant, an indigent Defendant confined in jail, of the opportunity to obtain a commitment hearing, a valued and important right, in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution." Whether Appellant is correct in his contention that, had he been able to retain counsel, he would have obtained a commitment hearing, is a matter of speculation. In any event, "a preliminary hearing is not a required step in a felony prosecution and . . . once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing . . . [W]e [will not] overturn a conviction . . . because a commitment hearing was denied appellant." *State v. Middlebrooks,* 236 Ga. 52, 55 (222 SE2d 343) (1976); *Albert v. State,* 152 Ga. App. 708, 709 (263 SE2d 685) (1979).
   2. Appellant also contends that the "failure to appoint counsel until after indictment deprived Appellant, an indigent Defendant confined in jail, of effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution in that Appellant was unable to obtain a commitment hearing, the single most effective means of preparing his defense." However, "[t]he '. . . purpose of a commitment hearing is simply to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury. Code § 27-407.' *Jackson v. State,* 225 Ga. 39, 42 (165 SE2d 711) (1969)." *State v. Middlebrooks,* supra at 54; *Day v. State,* 237 Ga. 538, 539 (228 SE2d 913) (1976). We therefore conclude that the alleged loss of discovery occasioned by the failure to conduct a commitment

hearing is not a legally recognizable basis for reversal.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 16, 1981 —

*William A. Erwin,* for appellant.
*William S. Lee, District Attorney,* for appellee.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*