## A92A2386. McGINNIS et al. v. THE STATE.
(430 SE2d 618)

POPE, Chief Judge.

Defendants John D. McGinnis and Vicky D. McGinnis were arrested on May 25, 1990 and charged with possessing and having in their control in excess of 60 growing marijuana plants (Count 1), possessing and having in their control marijuana seeds (Count 2), and possessing in excess of one gallon of distilled spirits not bearing the proper tax stamps (Count 3). Count 2 of the indictment was dismissed and defendants were found guilty on Counts 1 and 3. They appeal from their conviction and the denial of their motion for new trial.

1. Defendants argue the trial court committed reversible error by refusing to allow a witness to testify that the marijuana plants, which are the subject of Count 1, belonged to the witness' now deceased husband rather than the defendants. The defendants were allowed to make an offer of proof concerning this witness' testimony at which they showed the witness lived approximately one-quarter mile from the defendants at the time of their arrest, the witness' husband posted bond for the defendants, the reason he told his wife he posted bond for the defendants was because the marijuana plants "they had found near their house were his plants and he didn't want them to be in jail for something that was his," and the witness' husband died on March 3, 1991 (the defendants' trial began on February 24, 1992).

Defendants argue the witness' testimony should be allowed pursuant to the necessity exception to the hearsay rule. " '[T]here are two prerequisites for admission of hearsay because of necessity: "1) necessity; [and] 2) particularized guarantees of trustworthiness." *Idaho v. Wright*, ___ U. S. ___ (110 SC 3139, 111 LE2d 638) (1990); *Higgs v. State*, 256 Ga. 606 [(351 SE2d 448) (1987)];' *Mallory v. State*, 261 Ga. 625, 627 (2) (409 SE2d 839) [(1991)]." *Jackson v. State*, 202 Ga. App. 582, 586 (2) (414 SE2d 905) (1992). As in *Mallory* and *Jackson*, the first prerequisite was met since the declarant is now deceased. *Mallory*, 261 Ga. at 627 (2); *Jackson*, 202 Ga. App. at 586 (2). We agree with the trial court's conclusion that the second prerequisite was not met in this case. As the trial court correctly noted, the defendants were arrested approximately one year before the declarant's death and indicted in December 1990. Thus, the declarant knew or should have known the defendants faced the possibility of being convicted for possession of the marijuana plants that were allegedly his for several months before his death. The record reflects that the witness and the declarant were friends of the defendants. While the defendants argue that the declarant's willingness to make bond for them is consistent with his alleged ownership of the plants, that act is also consistent with friendship. The declarant's statement was neither

made to a completely neutral party since the witness was a friend of the defendants nor was it made during the course of an official investigation. The statement that the marijuana plants belonged to the declarant was not corroborated by other witnesses, other than Ms. McGinnis' denial that the plants belonged to her husband and her. Therefore, we hold the trial court did not commit reversible error by refusing to allow the witness to testify that her deceased husband owned the marijuana plants. See generally *Mallory*, 261 Ga. at 628.

2. Defendants contend the trial court erred by failing to grant defendants' motion for new trial because the State did not comply with the dictate of OCGA § 17-7-210, which requires that the State provide the defendant with a copy of any statement given by the defendant while in police custody if requested by the defendant at least ten days prior to trial. Defendants contend because they made a proper request and because the State failed to comply with the dictate of OCGA § 17-7-210, the State should not have been allowed to present the testimony of one of the arresting officers concerning inculpatory statements made by the defendants in his presence. The record reflects that the defendants did not object to this evidence when it was offered at trial; therefore, the defendants have waived the State's noncompliance with OCGA § 17-7-210. *Parrish v. State*, 194 Ga. App. 760 (1) (391 SE2d 797) (1990); *Henderson v. State*, 162 Ga. App. 320, 322 (3) (292 SE2d 77) (1982).

3. Defendants argue the trial court erred in charging the jury that they would be permitted to infer that the defendants were in possession of the entire premises and all of the property located on or in the premises because there was no evidence that the defendants owned or leased the premises. The actual language of the charge challenged by the defendants follows: "If you find that a person owns or leases a house or premises, you will be permitted but not . . . required to infer that such person is in the possession of the entire premises and all of the property located on or in the premises. However, this is a rebuttable inference and may be overcome by evidence in the case, or that the contraband was not on or near the premises, that others had access to the premises or the contraband.

"Whether or not this inference is drawn from proof that a person is the owner or lessee of the house or premises, and whether or not the inference has been overcome by proof that others had access to the premises or contraband are questions for you, the jury, alone."

Defendants objected to this charge on the grounds that because the State presented no proof the defendants leased or owned the mobile home in which the contraband was found in or around, the State was not entitled to a charge concerning the inference that may be drawn from proof that a person is an owner or a lessee. While the specific nature of the defendants' interest in the property was not es-

tablished during the trial, there was sufficient evidence from which the jury could conclude the defendants had a possessory interest of some sort in the property. Ms. McGinnis testified that her family moved into the subject mobile home during October 1989. She testified they made improvements to the mobile home and her brother and father lived with them in the subject mobile home. Ms. McGinnis' father testified he lived with the McGinnises in their home on Adams Road, the location of the subject mobile home. Their neighbor testified she lived approximately a quarter mile from the "McGinnis' house." Because there was overwhelming evidence that the McGinnises had a possessory interest of some sort in the subject mobile home, the State's failure to prove their specific interest and the giving of the challenged jury charge would constitute, at most, harmless error.

4. Finally, defendants contend their Sixth Amendment rights were violated when their former attorney waived their presence at the hearing held on their motion to suppress, without first obtaining their express permission. At the beginning of the hearing held on defendants' motion to suppress their counsel made the following statement to the court: "Your Honor, on behalf of Mr. and Ms. McGinnis, I would waive their presence. Mr. McGinnis fell off the roof of his house on Sunday." Shortly thereafter the prosecutor turned to defense counsel and asked: "And I believe you just stated that your clients authorized you to waive their presence." Defense counsel responded: "That's correct, Your Honor. Mr. McGinnis fell off the roof [of] his house. . . ."

After the motion to suppress hearing was held, but before the defendants' trial, the attorney who represented defendants during the motion to suppress hearing surrendered his license to practice law. After new counsel was appointed, the defendants filed a renewed motion to suppress. In that motion the defendants stated that they were not present for the hearing held on their original motion to suppress, but do not allege that their former attorney waived their right to be present without first obtaining their permission. The record does not reflect the trial court's disposition of the defendants' renewed motion to suppress.

In defendants' amended motion for new trial, defendants raised as one ground why that motion should be granted that their counsel had improperly waived their right to be present during the motion to suppress hearing. During the hearing on that motion, both defendants testified they were not informed by their counsel that a hearing would be held on their motion to suppress and that they did not waive their right to be present at the motion to suppress hearing. The trial court denied their motion for new trial.

The parties do not cite and our research does not reveal a deci-

sion of a Georgia appellate court in which the issue was presented of whether a defendant's attorney can waive a defendant's right to be present during a suppression hearing, without first obtaining the defendant's express consent or permission. It is well-settled in this state that a defendant has a right to be present during all stages of his or her trial and that right can only be waived by the defendant's counsel if the waiver is made in defendant's presence, or with the defendant's express authority, or if the defendant subsequently acquiesces to the waiver made by counsel. *Williams v. State*, 251 Ga. 749, 798 (312 SE2d 40) (1983); *Gilreath v. State*, 247 Ga. 814, 824 (3) (279 SE2d 650) (1981), cert. denied, 456 U. S. 984 (102 SC 2258, 72 LE2d 862) (1982); *Wilson v. State*, 212 Ga. 73, 74 (90 SE2d 557) (1955). It is also well-settled that the "right of one accused of a felony to be present during the course of his trial does not extend to post-verdict procedures such as a motion for new trial, at which only questions of law, not questions of fact, are determined. *Sims v. Smith*, 228 Ga. 136 (184 SE2d 347) (1971); *Reid v. State*, 119 Ga. App. 368 (1) (166 SE2d 900) (1969)." *Dobbs v. State*, 245 Ga. 208, 209 (2) (264 SE2d 18), cert. denied, 446 U. S. 913 (100 SC 1845, 64 LE2d 267) (1980).

There are a limited number of Georgia appellate decisions concerning a defendant's right to be present at pretrial proceedings. In *Davis v. State*, 135 Ga. App. 203, 205 (2) (217 SE2d 343) (1975), we held "the presence of the [defendant] at the arraignment [could be] waived by failure of his counsel to object to proceeding in his client's absence at the arraignment." In *Riley v. State*, 180 Ga. App. 409, 411 (349 SE2d 274) (1986) (physical precedent only), the trial court excluded the defendant from a hearing on the defendant's motion to dismiss the indictment. We held that because defendant's counsel failed to object to the trial court's exclusion of the defendant and because only questions of law were addressed at the pretrial hearing from which the defendant was excluded, defendant's exclusion did not constitute reversible error.

At pretrial suppression hearings sworn testimony of prosecution witnesses against the defendant is taken. The rationale of our previous decisions in this area suggests that a defendant's presence is required at pretrial evidentiary proceedings. Therefore, we hold that it constitutes prejudicial error to conduct an evidentiary suppression hearing in the defendant's absence. We note that our ruling is consistent with the majority of jurisdictions that have had occasion to address the issue of an accused's right to be present at a suppression hearing or other proceedings involving evidentiary questions. See generally Right of Accused to be Present at Suppression Hearing or at other Hearing or Conference between Court and Attorneys Concerning Evidentiary Questions, 23 ALR4th 955 (1983). The defendant, of course, can waive his right to be present at a suppression hearing and

that right can be waived by the defendant's counsel if the waiver is made in defendant's presence, or with the defendant's express authority, or if the defendant subsequently acquiesces to the waiver made by counsel. See *Williams*, 251 Ga. at 798.

In this case, the only evidence that the defendants waived their right to be present at the motion to suppress hearing is their counsel's statement at the hearing that on behalf of his clients he waived their presence with the explanation that Mr. McGinnis had been recently injured. Defendants objected to the motion to suppress hearing being held in their absence at their first opportunity by filing a renewed motion to suppress. The State presented no evidence to refute the defendants' showing that they had no knowledge a hearing was held on their motion to suppress and that they did not authorize their counsel to waive their presence. Accordingly, this case is remanded to the trial court for another hearing to be held on defendants' motion to suppress.

*Judgment reversed and case remanded. Carley, P. J., and Johnson, J., concur.*

DECIDED MARCH 12, 1993 —
RECONSIDERATION DENIED APRIL 1, 1993.

*Gammon & Anderson, W. Wright Gammon, Jr.*, for appellants.
*William A. Foster III, District Attorney, George C. Turner, Jr., Assistant District Attorney*, for appellee.