A94A0553. DEAL v. THE STATE.
(443 SE2d 713)

Pope, Chief Judge.

Defendant was convicted of theft by receiving stolen property. He appeals following the denial of his motion for new trial, contending in his sole enumeration of error that the trial court erred in holding a *Jackson-Denno* hearing in his absence to determine the admissibility of his statement.

On the morning of his trial, defendant, who was free on bond, did not appear. Although counsel and the court thought defendant might be in the hospital, no one knew for certain where he was, and defendant's attorney could not and would not waive his presence at the trial. A bench warrant issued, and the trial was continued. At the trial court's request, however, defendant's attorney agreed to proceed with the pre-trial evidentiary hearing on the admissibility of defendant's statement despite defendant's absence. The State presented one witness — the officer whom defendant told where the stolen property was. The defense presented no witnesses, and the trial court ruled that defendant's statement was admissible.

It was subsequently ascertained that defendant was in the hospital, and the sheriff brought him from the hospital to the courthouse for trial that afternoon. At trial, defendant testified that the officer told him he would not be charged with any offenses relating to the stolen property if defendant told the officer where it was.

In *McGinnis v. State,* 208 Ga. App. 354, 357 (4) (430 SE2d 618) (1993), we held that conducting a pre-trial evidentiary suppression hearing in the defendant's absence, like conducting a trial in the defendant's absence, constitutes prejudicial error. Moreover, the defendant's right to be present at such a hearing can be waived by defense counsel *only* "if the waiver is made in defendant's presence, or with the defendant's express authority, or if the defendant subsequently acquiesces to the waiver made by counsel. [Cit.]" Id. at 357, 358. As none of these circumstances appear in the record in this case, defense counsel's agreement to go forward in defendant's absence is not binding on defendant, and defendant's argument is meritorious.

Citing *Byrd v. Ricketts,* 233 Ga. 779 (213 SE2d 610) (1975), the State argues that defendant himself waived his right to be present because he was free on bond and voluntarily absented himself from the proceedings. Pretermitting consideration of whether defendant's absence due to hospitalization was "voluntary," we conclude the State's reliance on *Byrd* and similar waiver cases is misplaced because

in those cases the defendant was present when the trial began and subsequently failed to return after a recess. Here, on the other hand, defendant's absence occurred before the trial began. "Prior to trial, a defendant's failure to appear is handled with bench warrants and bond forfeitures. OCGA §§ 17-6-13; 17-6-70. During trial, a voluntary absence is treated as a waiver of the right of confrontation." *Pollard v. State*, 175 Ga. App. 269, 270 (333 SE2d 152) (1985). Concluding that a hard and fast rule regarding when a voluntary absence constitutes a waiver was needed, we held in *Pollard* that the waiver principles set forth in *Byrd* and similar cases are inapplicable if the defendant's absence occurs before jeopardy attaches. Id. Accord *Loper v. State*, 191 Ga. App. 515 (1) (382 SE2d 212) (1989). As the record clearly shows that defendant's absence in this case occurred before the jury was sworn (and thus before jeopardy attached, see id.), there was no waiver under *Pollard*, and the trial court erred in proceeding to hold the *Jackson-Denno* hearing without defendant. See also *Fictum v. State*, 188 Ga. App. 348 (2a, b) (373 SE2d 54) (1988). Accordingly, this case is remanded to the trial court for another evidentiary hearing on the admissibility of defendant's statement. See *McGinnis*, 208 Ga. App. at 358 (4).

*Judgment reversed and case remanded. McMurray, P. J., and Smith, J., concur.*

DECIDED MAY 3, 1994.

*E. W. Angell*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.