### A96A1794. JACKSON v. THE STATE.
(477 SE2d 347)

Judge Harold R. Banke.

James Arnell Jackson was convicted of selling cocaine and received a mandatory life sentence.[1] On appeal, he enumerates three errors, contesting the admission of similar transaction evidence,

---

[1] We dismissed Jackson's initial appeal for failure to file a brief and enumeration of errors. The trial court subsequently granted his motion for out-of-time appeal.

alleging ineffective assistance of counsel, and challenging the sufficiency of the evidence.

The evidence, viewed in the light most favorable to the verdict, revealed that Jackson sold a $20 piece of crack cocaine to an undercover agent. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). When the agent pulled into the parking lot, Jackson approached his car and called out to him. After the agent requested the cocaine, Jackson removed a rock from a clear tube and exchanged it for the cash. The agent videotaped the transaction using a camera hidden in his car. The rock subsequently tested positive for cocaine and weighed less than a gram. *Held*:

1. Jackson waived his argument that the similar transaction evidence was offered for an improper purpose and was too remote in time. In cases where a similar transaction hearing is held pursuant to Uniform Superior Court Rule 31.3 (B), the failure to object to the introduction of the similar transaction evidence at trial waives the issue. *Buckner v. State*, 219 Ga. App. 71, 72 (2) (464 SE2d 11) (1995). The record reveals that Jackson's trial counsel failed to assert an objection.

2. Jackson also waived his claim that his trial counsel was ineffective for failing to assert a chain of custody objection to the admission of the cocaine he sold to the agent. An ineffectiveness claim cannot be asserted in an out-of-time appeal without first pursuing the issue in a motion for new trial in which the issue is raised and resolved by means of an evidentiary hearing. *Peavy v. State*, 213 Ga. App. 79 (443 SE2d 705) (1994). Because Jackson's appellate counsel failed to raise the issue in a motion for new trial before presenting it to this Court, Jackson is barred from asserting his claim of ineffective assistance of counsel on appeal. Id.

3. Viewed in a light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crime of selling cocaine, a controlled substance.[2] OCGA § 16-13-30 (b); *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The undercover agent testified that Jackson sold him cocaine and identified him in court. The transaction was videotaped. Even Jackson admitted that he resembled the individual on the videotape. This evidence was sufficient to support the verdict. In his brief, Jackson in effect seeks a reweighing of the evidence. This we cannot do. *Pardo v. State*, 215 Ga. App. 317 (1) (450 SE2d 440) (1994).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

---

[2] We observe with disappointment that the State inexplicably neglected to address two of the three enumerations of error in violation of Court of Appeals Rule 27 (b) (2).

Decided October 15, 1996.

*Stephen G. Scarlett*, for appellant.
*Glenn Thomas, Jr., District Attorney, George C. Turner, Jr., W. Franklin Aspinwall, Jr., Assistant District Attorneys*, for appellee.