## A97A2211. DUQUE v. THE STATE.
(491 SE2d 841)

Judge Harold R. Banke.

James Duque was convicted of trafficking in cocaine and possession of cocaine with intent to distribute. On appeal, he enumerates two errors.

This case arose after officers executing a search warrant on an apartment apprehended Duque, running barefoot out the back door. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). While searching a bedroom closet, the officers discovered a brown satchel Duque admitted was his next to several pairs of shoes with bags of cocaine stuffed in their toes. Over 39 grams of cocaine of 76 percent purity were recovered. The satchel contained a scale and several small plastic baggies of the sort commonly used for packaging controlled substances, as well as a price list for various amounts of what an expert testified was cocaine. Officers also found a crack pipe and some crack in the bathroom. Scattered about the sparsely furnished apartment, they found more cocaine and baggies, a jacket with $771 in a pocket, a plate, a spoon, a razor blade, a metal sifter of the type commonly used to mix cocaine, and a digital scale. Three

individuals were also apprehended, hiding in the apartment. *Held*:

1. Persons aggrieved by a purportedly illegal search solely through the introduction of evidence seized from a third person's premises or property lack standing to assert a Fourth Amendment violation. *Ferron v. State*, 216 Ga. App. 456 (454 SE2d 637) (1995). Duque testified that he had not previously been to the apartment where the search occurred. Duque explained that when the search began he was waiting in the apartment for its tenant, who had borrowed his car. While admitting the satchel was his, he denied placing any of the drug paraphernalia in it. In effect, he denied having any right of possession or interest in the searched premises or the contraband seized. See *Byers v. State*, 204 Ga. App. 552, 554 (1) (420 SE2d 23) (1992). This testimony demonstrates that Duque lacked a reasonable expectation of privacy in the searched premises, a necessity for establishing standing to challenge a search. *Edwards v. State*, 224 Ga. App. 14, 16-17 (2) (479 SE2d 754) (1996). Accordingly, the trial court properly denied Duque's motion to suppress the evidence seized during the execution of the search warrant.

2. Duque waived his argument that the similar transaction evidence presented at trial was offered for an improper purpose and was not sufficiently similar to the instant offense. *Jackson v. State*, 223 Ga. App. 207, 208 (1) (477 SE2d 347) (1996) (where a Uniform Superior Court Rule 31.3 (B) hearing is held, the failure to object to the introduction of the similar transaction evidence at trial waives the issue). To preserve the issue, Duque was required to object to the admission of the evidence at trial. Id. This he failed to do.

Furthermore, had the issue been properly preserved, we would have rejected Duque's arguments. In the similar transaction, Duque was apprehended in his car with a sufficient number of individually wrapped packages of cocaine to support his guilty plea on possession with intent to distribute charges. See *Bethea v. State*, 220 Ga. App. 800, 801-802 (1) (470 SE2d 328) (1996). At the USCR 31.3 (B) hearing, the trial court found that the State sought introduction of the evidence to show course of conduct. The court also determined that the relatively large amount of cocaine and the geographic proximity of the two transactions provided a sufficient connection to satisfy *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

These conclusions were not clearly erroneous. *Kemp v. State*, 218 Ga. App. 842, 843 (3) (463 SE2d 385) (1995). Course of conduct is well established as a proper reason for admitting similar transaction evidence, and the record supported this purpose. *Adams v. State*, 208 Ga. App. 29, 34 (3) (a) (430 SE2d 35) (1993). Focusing on the similarities of the occurrences, as we must, we find that both involved cocaine, packaged and in amounts significant enough to support distribution charges and they occurred in the same general vicinity.

These facts provide a sufficient connection so that proof of the similar transaction tended to prove the offense at issue. *White v. State*, 225 Ga. App. 74, 75-76 (2) (483 SE2d 329) (1997); see *Hatcher v. State*, 224 Ga. App. 747, 752 (3) (482 SE2d 443) (1997).

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 4, 1997.

*Paul J. McCord*, for appellant.

*J. Tom Morgan, District Attorney, Benjamin M. First, Priscilla N. Carroll, Assistant District Attorneys*, for appellee.