A97A2596. DAVIS v. THE STATE.
(494 SE2d 702)

BLACKBURN, Judge.

Kenneth Leon Davis was convicted of child molestation, aggravated child molestation, and enticing a child for indecent purposes. On appeal, he contends the trial court erred in failing to disqualify a juror or declare a mistrial, in allowing evidence of a similar transaction, and in allowing certain expert testimony.

1. Davis contends that the trial court erred in failing to grant a mistrial or disqualify a juror who revealed during trial that the father of one of the victims was a friend of his children.

Voir dire was conducted and a jury selected on December 16, 1996. These proceedings were not recorded by a court reporter. The following day, after opening statements, juror Dyer informed the judge that Woody Stephens, the father of one of the victims, was a friend of his children. Apparently, Dyer had recognized Stephens that morning as one of the potential witnesses. Dyer told the court that his acquaintance with Stephens would not render him unable to be fair and impartial to both sides.

Davis' attorney declined the judge's request to question Dyer about his relationship with Stephens, but instead moved for a mistrial because of Dyer's failure to reveal the relationship during voir

dire. The judge denied the motion, finding that Dyer did not intentionally fail to answer any question and that he could be fair and impartial to both sides. The judge also stated that he would not remove Dyer as a juror.

In order to evaluate Davis' contention that the trial court erred in denying a mistrial and refusing to disqualify Dyer, it is necessary to consider two separate questions: (1) whether Dyer's relationship with Stephens was sufficient to require his dismissal for cause, and (2) whether Dyer's failure to reveal the relationship during voir dire deprived Davis of his right to exercise a knowledgeable use of his peremptory strikes.

(a) With respect to the first question, "[i]n order to disqualify a juror for cause, it must be established that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence." (Punctuation omitted.) *Heath v. State*, 223 Ga. App. 680, 682 (3) (478 SE2d 462) (1996). "The decision as to whether or not to discharge the prospective juror is within the discretion of the trial court." (Punctuation omitted.) *Sapp v. State*, 222 Ga. App. 415, 418 (3) (474 SE2d 233) (1996).

To establish a denial of his right to an impartial jury, a defendant must show either actual juror partiality or circumstances inherently prejudicial to that right. *Jones v. State*, 157 Ga. App. 163, 164 (2) (276 SE2d 674) (1981). Davis contends that, under the circumstances of this case, Dyer must be considered partial as a matter of law, notwithstanding his representation that he could be impartial and fair to both sides. This contention is without merit. The fact that a juror knows a victim does not require dismissal for cause if the juror indicates that he can be fair and impartial and decide the case on the basis of the evidence presented. See *Lee v. State*, 258 Ga. 762, 763 (2) (374 SE2d 199) (1988). Even where a juror has a preconceived notion of the defendant's guilt or innocence, dismissal is not required if the juror "can lay aside his impression or opinion and render a verdict based on the evidence presented in court." (Punctuation omitted.) *Brooks v. State*, 244 Ga. 574, 577 (261 SE2d 379) (1979), citing *Irvin v. Dowd*, 366 U. S. 717, 722 (81 SC 1639, 1642-1643, 6 LE2d 751) (1961).

In this case, Dyer told the court that his knowledge of Stephens would not cause him to be unable to be fair and impartial to both sides. Contrary to Davis' contentions, Dyer did not indicate that he had a relationship with Stephens' daughter, but only that Stephens was a friend of Dyer's children. The fact that Dyer voluntarily came forward with this information is a factor that could be considered by the court in determining his impartiality. See *Sapp v. State*, supra at 418 (3). Furthermore, Davis' counsel declined the court's offer to question Dyer to determine the nature of his relationship with Ste-

phens or his daughter. Under these circumstances, we cannot say that the trial court abused its discretion in finding Dyer impartial and refusing to dismiss him for cause.

(b) A separate but related question is whether Dyer's failure to reveal his relationship with Stephens during voir dire deprived Davis of his right to exercise knowledgeable peremptory strikes. "'A defendant is entitled to be tried by a fair and impartial jury, and to exercise knowledgeable challenges ·in the pursuit of this judicial ideal. It does not follow, however, that every incorrect answer given on voir dire calls inexorably for a new trial; the question of bias and resultant prejudice remains to be determined. ·If the answer was given in good faith with no deliberate intent to mislead, the trial court may well find that no prejudice resulted, even though the lack of disclosure might have impaired defendant's right to exercise a knowledgeable peremptory challenge. Although the question of juror impartiality is a mixed question of law and fact, the trial court's findings of impartiality will be set aside only where manifest prejudice to the defendant has been shown.' (Citations and punctuation omitted.) *Jones v. State*, 247 Ga. 268, 270 (2) (b) (275 SE2d 67) (1981)." *Gilbert v. State*, 262 Ga. 840, 842 (5) (426 SE2d 155) (1993).

In this case, the trial court found that Dyer did not intentionally fail to answer any questions on voir dire. As the voir dire was not recorded, we cannot say that this finding is in error, or that Dyer was even questioned about his relationship with Stephens or the victims. As discussed above, the trial court did not abuse its discretion in determining that Dyer could be an impartial juror. Accordingly, as Davis has not shown manifest prejudice, the trial court did not err in refusing to grant a mistrial.

2. At trial, the State presented evidence that Davis had previously molested a 14- or 15-year-old girl while she was babysitting at his house. Davis contends that this incident was not sufficiently similar to the present charges to be admissible.

However, "[Davis] has not cited any portion of the record showing how this enumeration was preserved for appellate consideration, and our review of the transcript does not reveal that [Davis] objected to the testimony at trial. See Court of Appeals Rule 27 (a) (1) and (c). Although [Davis apparently] made a lack of similarity objection at the pretrial similar transaction hearing, he waived this ground by failing to make this objection when the similar transaction evidence was introduced at trial." *Sapeu v. State*, 222 Ga. App. 509, 510 (4) (474 SE2d 703) (1996). See also *White v. State*, 225 Ga. App. 74, 75 (2) (483 SE2d 329) (1997).

Even if Davis had preserved this objection for appellate review, it is without merit. "There is no requirement that the other transaction must be identical in every aspect. . . . Rather, such evidence

may be admitted if it is substantially relevant for some purpose other than to show a probability that the defendant committed the crime on trial because he is a man of criminal character." (Punctuation omitted.) *Sessions v. State*, 207 Ga. App. 609 (1) (428 SE2d 652) (1993). "Generally, when similar transactions are being introduced to prove such issues as bent of mind, motive or intent, less similarity need be shown than when identity is sought to be proved thereby." (Punctuation omitted.) *Hargrove v. State*, 202 Ga. App. 854, 856 (1) (415 SE2d 708) (1992). Furthermore, "[t]he exception to the general rule that evidence of independent transactions is inadmissible has been most liberally extended in the area of sexual offenses. In crimes involving sexual offenses, evidence of similar transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony." (Punctuation omitted.) *Hathcock v. State*, 214 Ga. App. 188, 192 (8) (447 SE2d 104) (1994).

The prior incident was sufficiently similar to the charges in the present case so as to render the former admissible. One of the counts in the present case involved charges that Davis molested his wife's 11-year-old niece while she was spending the night at Davis' house. The similar transaction involved charges that Davis molested his then-wife's 14-year-old cousin while she was babysitting at his house. The fact that the prior incident occurred several years earlier does not render it inadmissible to show Davis' state of mind and course of conduct. See *Guinn v. State*, 224 Ga. App. 881, 883 (1) (a) (482 SE2d 480) (1997). Accordingly, this enumeration is without merit.

3. Davis contends the trial court erred in allowing expert testimony regarding child abuse accommodation syndrome, arguing that it improperly bolstered the testimony of one of the victims. However, Davis did not object to the expert's testimony during trial, and so cannot raise this issue on appeal. See *Williams v. State*, 217 Ga. App. 636, 637 (1) (458 SE2d 671) (1995).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 26, 1997 —
RECONSIDERATION DENIED DECEMBER 10, 1997.

*Cook & Connelly, Todd M. Johnson*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.