## A98A0875. McCLARITY v. THE STATE.
### (506 SE2d 392)

BEASLEY, Judge.

Based on a transaction recorded on videotape in the presence of a confidential informant, Mallory Dion McClarity was convicted of violating the Georgia Controlled Substances Act (OCGA § 16-13-30 (b)) for selling cocaine to an undercover police officer. He enumerates as error (i) the court's refusal to appoint new counsel or allow him to proceed pro se, (ii) ineffective assistance of trial counsel (related to the first enumeration), (iii) the admission of a 1988 transaction as similar, and (iv) the denial of his right to be present at the pretrial "similar transaction" hearing.

1. "Both the federal and state constitutions guarantee a criminal defendant the right to self-representation. An unequivocal assertion of the right to represent oneself, made prior to trial, should be followed by a hearing to ensure that the defendant knowingly and intelligently waives the right to counsel and understands the disadvantages of self-representation."[1] If the request is equivocal[2] or comes after the jury is impaneled,[3] there is no reversible error in requiring the defendant to proceed with counsel.[4]

McClarity asserts he twice requested to proceed pro se. The first instance was some months prior to trial when he personally submitted five pretrial motions to the court and requested the opportunity to pursue these motions pro se because of a lack of funds to finance his attorney doing so. He emphasized that he also wished to continue to be represented by counsel due to the complexity of the legal issues. The court responded by forwarding the motions to McClarity's attorney and stating it would not entertain motions from McClarity personally unless it ruled he could proceed pro se. If McClarity wanted to proceed pro se, he would have to ask that counsel be dismissed.

---

[1] (Citations omitted.) *Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990).

[2] *Hayes v. State*, 203 Ga. App. 143, 144 (2) (416 SE2d 347) (1992).

[3] *Mallory v. State*, 225 Ga. App. 418, 422 (4) (483 SE2d 907) (1997).

[4] *Thaxton*, supra, 260 Ga. at 142 (2).

The court directed the attorney to communicate with McClarity and directed both to write to the court about the status of the legal representation. Neither did so, leaving counsel in the case.

The second instance occurred after the jury had been impaneled. McClarity asked that the jury be dismissed because he wanted to select new counsel. He indicated he was having problems communicating with present counsel. The court found no reason to dismiss the jury and directed McClarity to discuss the communication problem with his attorney over lunch. Following lunch, McClarity identified a minor problem with his attorney but did not ask that he be dismissed. Throughout the trial, the court repeatedly asked McClarity whether he was satisfied with his attorney's representation. He responded affirmatively and did not request to proceed pro se. No error is indicated.

2. Although two similar transactions were introduced, McClarity identifies only one as erroneously admitted. In a pretrial hearing held pursuant to Uniform Superior Court Rule 31.3 (B), the prosecuting attorney stated a witness would testify that in 1988 police found a large amount of cocaine and related drug trafficking paraphernalia in McClarity's vehicle. McClarity's counsel argued the transaction was remote and dissimilar. The court found there was sufficient similarity and held it could be admitted to show scheme, bent of mind, intent, and course of conduct. No objection was raised when the State introduced the evidence at trial.

Even though a defendant challenges similarity at the pretrial hearing, he waives this ground by failing to assert it when the evidence is introduced at trial.[5] But if a pretrial motion in limine is denied, the losing party need not renew his objection when the evidence is introduced at trial in order to preserve the issue.[6]

Cases requiring the renewal of the objection at trial rely on *Hunter v. State*,[7] which held only that a lack of similarity argument was not preserved by other objections at the pretrial similar transaction hearing, which objections were simply renewed at trial.[8] Never-

---

[5] *Davis v. State*, 229 Ga. App. 787, 789 (2) (494 SE2d 702) (1997); see *Smith v. State*, 268 Ga. 42, 43 (3) (485 SE2d 189) (1997) (similar transaction issue waived if defendant fails to object at trial).

[6] *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284 (260 SE2d 20) (1979); *Stephens v. Dept. of Transp.*, 170 Ga. App. 784, 785 (1) (318 SE2d 167) (1984); see *Reno v. Reno*, 249 Ga. 855, 856 (1) (295 SE2d 94) (1982) (if motion in limine is granted, losing party need not renew objection if evidence is introduced at trial); see also *Jordan v. Johnson*, 223 Ga. App. 875, 877-880 (479 SE2d 175) (1996) (Birdsong, P. J., concurring specially) (setting forth history of motion in limine rule).

[7] 202 Ga. App. 195, 196-198 (3) (413 SE2d 526) (1991).

[8] See *Riddle v. State*, 208 Ga. App. 8, 10 (1) (b) (430 SE2d 153) (1993); *Cole v. State*, 211 Ga. App. 236, 238 (438 SE2d 694) (1993); *Jackson v. State*, 217 Ga. App. 485, 488 (4) (a) (458 SE2d 153) (1995) (physical precedent).

theless, the rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it.[9] Consequently, McClarity's failure to object to the similar transaction evidence at trial waived further review of the issue.

3. Citing nine errors by trial counsel, McClarity contends he was denied effective assistance in violation of the Sixth Amendment. "In analyzing a claim of ineffective assistance of counsel, . . . a trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. A defendant must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel."[10]

Particularly important in this case is that the burden for proving ineffective assistance rests on the defendant, for McClarity and post-trial counsel chose not to subpoena trial counsel to testify at the motion for new trial hearing. In arguing that the trial court erred in rejecting his claim, McClarity ironically emphasizes in his appellate brief: "What is absent from the record is an explanation by trial counsel as to how such failure to consult was strategic and why trial counsel did not file the same motions defendant filed pro se or why he did not just have defendant's pro se motions set for hearing. Further, since there is no testimony by trial counsel in the record explaining how his actions or inactions were calculated to be tactical or strategic there is no legal basis for any finding that the numerous deficiencies were trial tactics or strategy. The state has, in effect, conceded that it cannot defend its conviction by not offering the testimony of trial counsel. . . ."

McClarity misapprehends the burden of proof. "The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct."[11] As in

[9] See *Smith,* supra, 268 Ga. at 43 (3); *Davis,* supra, 229 Ga. App. at 789 (2); *Goss v. State,* 228 Ga. App. 411, 413 (2) (491 SE2d 859) (1997); *Duque v. State,* 228 Ga. App. 391, 392 (2) (491 SE2d 841) (1997); *White v. State,* 225 Ga. App. 74, 75 (2) (483 SE2d 329) (1997); *Goodroe v. State,* 224 Ga. App. 378, 381 (2) (480 SE2d 378) (1997); *Jackson v. State,* 223 Ga. App. 207, 208 (1) (477 SE2d 347) (1996); *Shropshire v. State,* 223 Ga. App. 118, 119 (2) (476 SE2d 859) (1996); *Sapeu v. State,* 222 Ga. App. 509, 510 (4) (474 SE2d 703) (1996); *Parker v. State,* 220 Ga. App. 303, 305 (4) (469 SE2d 410) (1996); *Buckner v. State,* 219 Ga. App. 71, 72 (2) (464 SE2d 11) (1995); *Barry v. State,* 214 Ga. App. 418, 419 (1) (448 SE2d 243) (1994).

[10] (Citations and punctuation omitted.) *Hollis v. State,* 225 Ga. App. 370, 371 (3) (484 SE2d 54) (1997); controlling is *Strickland v. Washington,* 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); see *Stephens v. State,* 265 Ga. 120, 121 (2) (453 SE2d 443) (1995).

[11] (Citations and punctuation omitted.) *Foreman v. State,* 200 Ga. App. 400, 401 (3) (408

*Foreman v. State*,[12] "[d]efendant did not subpoena his trial counsel to appear at the hearing on his motion for new trial. Thus, defendant made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy. . . . The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed." "In the absence of contrary evidence, defense counsel's actions are presumed to be part of trial strategy."[13]

In some cases, Georgia appellate courts declined to even address the merits of an ineffective assistance claim where trial counsel did not testify at the motion for new trial hearing.[14] In other cases they scrutinized the particular errors of counsel alleged and ruled on those which could be decided without the testimony of trial counsel.[15] We will consider each of the nine allegations accordingly.

(a) Trial counsel did not request a preliminary hearing and McClarity was indicted without one:

"[A] preliminary hearing is not a required step in a felony prosecution. . . ."[16] "[O]nce an indictment is obtained there is no judicial oversight or review of the decision to prosecute. . . ."[17] A conviction on direct appeal or on collateral attack will not be overturned because a commitment hearing was denied.[18]

McClarity argues that counsel could have discovered more about the State's case through a preliminary hearing. We cannot determine, without trial counsel's testimony, whether the waiver was a trial tactic.[19] Assuming that McClarity's trial counsel was somehow

---

SE2d 178) (1991); see *Smith v. State*, 224 Ga. App. 819, 820-821 (2) (481 SE2d 896) (1997) (same); *Wheeler v. State*, 212 Ga. App. 638, 639 (2) (442 SE2d 906) (1994) ("because trial counsel did not testify, there has been no affirmative showing that the alleged deficiencies in performance were not examples of a trial strategy").

[12] (Citations and punctuation omitted.) *Foreman*, supra, 200 Ga. App. at 401 (3).

[13] (Citations omitted.) *Thomas v. State*, 268 Ga. 135, 139 (12) (485 SE2d 783) (1997); *Brewer v. State*, 219 Ga. App. 16, 21 (7) (463 SE2d 906) (1995) (same).

[14] See, e.g., *Williams v. State*, 251 Ga. 749, 809 (20) (312 SE2d 40) (1983); *Sterling v. State*, 223 Ga. App. 490, 491 (478 SE2d 145) (1996); *Creson v. State*, 218 Ga. App. 184, 185 (2) (460 SE2d 83) (1995); compare *Cochran v. State*, 262 Ga. 106, 107 (2) (a) (414 SE2d 211) (1992) (because trial counsel testified, merits were considered).

[15] See, e.g., *Wright v. State*, 267 Ga. 496, 497 (2) (a) (480 SE2d 13) (1997) (even though trial counsel's missing testimony was "a critical element for the proper assessment of counsel's conduct," court could determine particular matter from the record); *Bowman v. State*, 222 Ga. App. 893, 899 (6) (476 SE2d 608) (1996) (claims regarding matters outside of record need testimony of trial counsel; claims regarding errors made during course of trial may not require it).

[16] *State v. Middlebrooks*, 236 Ga. 52, 55 (2) (222 SE2d 343) (1976).

[17] Id.

[18] Id.

[19] See *Futch v. State*, 151 Ga. App. 519 (1) (260 SE2d 520) (1979) (waiver of preliminary

ineffective in waiving the commitment hearing, McClarity has shown no harm or prejudice resulting.[20] "[T]he alleged loss of discovery occasioned by the failure to conduct a commitment hearing is not a legally recognizable basis for reversal."[21]

(b) Trial counsel did not file any discovery motions:

Discovery motions require acceding to reciprocal discovery[22] and thus constitute a tactical decision.[23] Absent trial counsel testimony to the contrary, the choice to forgo discovery is presumed strategic.[24]

(c) Trial counsel made no requests for informal discovery:

The record shows that, at the least, counsel asked the State's attorney several questions about the file and watched the videotape before trial. Absent counsel's testimony, we cannot evaluate informal discovery measures he may have pursued or omitted in investigation of the case.[25]

(d) Trial counsel failed to file discovery motions to ascertain the identity of a confidential informant:

In addition to the reasons explained in subdivision (b), this assertion fails because such motions would likely have been unsuccessful. Whether to require the disclosure of the identity of a confidential informant depends on the results of a delicate test which balances the need for the State to preserve the flow of information from informants and the right of the defendant to a full and fair opportunity to defend himself.[26] Considering circumstances similar to those of this case, including the decision of defendant not to testify, *Bannister v. State*[27] held the scales tipped toward not requiring the disclosure of the informant's identity. Although the final factor tipping the scales in *Bannister* was an admission by the defendant as to

hearing may be a trial tactic).

[20] *Cargill v. State*, 255 Ga. 616, 622 (1) (340 SE2d 891) (1986).

[21] *Williams v. State*, 157 Ga. App. 168-169 (2) (276 SE2d 852) (1981).

[22] OCGA § 17-16-1 et seq.

[23] See *Cunningham v. State*, 222 Ga. App. 740, 744 (2) (c) (475 SE2d 924) (1996) (no ineffective assistance for failure to file discovery motion because such "would have . . . resulted in the State's being entitled to reciprocal discovery").

[24] *Williams v. State*, 219 Ga. App. 167, 168-169 (2) (464 SE2d 404) (1995) ("[w]e will not presume a deficiency resulted merely from counsel's failure to file standard pretrial motions"); *Foreman*, supra, 200 Ga. App. at 401 (3) (failure to file pretrial motions may be part of trial strategy); *Garrett v. State*, 196 Ga. App. 872, 873 (1) (397 SE2d 205) (1990) (whether to file pretrial motions may be part of strategy and tactics).

[25] See *Harkness v. State*, 225 Ga. App. 864, 866 (2) (485 SE2d 810) (1997) (defendant's "assertions of his trial counsel's failure to interview certain witnesses cannot be reviewed without his trial counsel's testimony or other proof"); *Taylor v. State*, 203 Ga. App. 210, 211-212 (3) (416 SE2d 554) (1992) (alleged failure to investigate can only be determined with trial counsel's testimony).

[26] *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1956); see *Thornton v. State*, 238 Ga. 160, 164-165 (2) (231 SE2d 729) (1977); *Moore v. State*, 187 Ga. App. 387, 388-393 (2) (370 SE2d 511) (1988).

[27] 202 Ga. App. 762, 763-766 (1) (b) (415 SE2d 912) (1992).

the unavailability of the informant, here the key factor would be the objective videotape of the transaction, which diminishes a need for the informant to amplify or refute the testimony of the officer and the defendant.

Even if the informant had been identified, "defendant's argument concerning whether trial counsel would have called the witness to testify at trial is mere conjecture."[28]

(e) Trial counsel failed to object to McClarity's absence at the similar transaction hearing:

Defendant's failure to object to the similar transaction evidence at trial moots this complaint. See Division 4.

(f) Trial counsel failed to request a continuance after learning on the morning of trial that a videotape of the incident would be introduced:

Whether or not to seek a continuance is a classic example of a trial stratagem that, absent testimony to the contrary, cannot serve as the basis for an ineffective assistance claim.[29]

(g) Trial counsel failed to submit jury charges regarding the limited scope of admission of similar transactions:

Trial counsel stated at trial that he had jury charges prepared but chose not to submit them because the pattern charges would cover the essential points. Before the State introduced each similar transaction, the court correctly charged the jury regarding its limited purpose. During the final jury charge, the court reinforced the instruction. At defendant's request the court brought the jury back and charged them yet again on this matter to rectify a mistake in the final charge. Defendant made no other objections to the charge and reserved no objections.[30] In sum, McClarity has not shown "that the failure to request specific charges prejudiced his defense."[31]

(h) Trial counsel failed to object to testimony regarding identification of McClarity in a video shown to the jury; and

(i) Trial counsel failed to object to testimony offered by the witnesses to the two similar transactions:

No argument or citation of authority supports these two contentions as to counsel's effectiveness, which are therefore deemed abandoned.[32]

---

[28] *Foreman*, 200 Ga. App. 401 (3); cf. *Hampton v. State*, 215 Ga. App. 57 (449 SE2d 654) (1994) (remanded for post-trial hearing to determine if failure to obtain informant's identity prejudiced defense).

[29] *Walker v. State*, 210 Ga. App. 33, 34 (a) (435 SE2d 259) (1993).

[30] See *Kegler v. State*, 267 Ga. 147, 149 (5) (475 SE2d 593) (1996) (failure to reserve exceptions to jury charge waives objections).

[31] (Citation omitted.) *Tenant v. State*, 218 Ga. App. 620, 623 (4) (e) (462 SE2d 783) (1995).

[32] Court of Appeals Rule 27 (c) (2); see *Sapeu*, supra, 222 Ga. App. at 510 (2).

Having carefully reviewed the record, we cannot say the trial court's effective assistance findings are clearly erroneous, particularly in light of trial counsel's strong arguments, pointed cross-examinations, and various objections.[33] "Moreover, considering the videotape evidence and the testimony of the officer, it is unlikely any of these alleged errors altered the outcome of this trial."[34]

4. Next, McClarity contends he was denied the right to be present at the pretrial similar transaction hearing and is entitled to a new trial under *McGinnis v. State*.[35]

*McGinnis* held that "it constitutes prejudicial error to conduct an evidentiary suppression hearing in the defendant's absence. . . . The defendant . . . can waive his right to be present at a suppression hearing and that right can be waived by the defendant's counsel if the waiver is made in defendant's presence, or with the defendant's express authority, or if the defendant subsequently acquiesces to the waiver made by counsel."[36]

McClarity was not present at the similar transaction hearing, and nothing indicates a waiver. He testified he knew nothing of the hearing until the day of trial. At the hearing the prosecuting attorney stated in her place what the similar transaction evidence would be. Because no witnesses testified, the court held this was not an evidentiary hearing and thus McClarity had no right to be there.

Per USCR 31.3 (B), "[t]he judge shall hold a hearing at such time as may be appropriate, and may receive evidence on any issue of fact necessary to determine the request" to present similar transaction evidence. "A hearing in which the State relies upon the statements of the prosecuting attorney to make the required showing for the admissibility of similar transaction evidence is sufficient to satisfy the requirements of [USCR] 31.3 (B). [Cit.]"[37]

Some cases differentiate a hearing in which the prosecutor simply states the evidence in her place from an evidentiary hearing.

---

[33] See *Tenant*, supra, 218 Ga. App. at 623 (4) (f) (court can consider "totality of the representation"); *Taylor*, 203 Ga. App. at 212 (3) (court considered cross-examinations, arguments, and objections).

[34] (Citation omitted.) *Randolph v. State*, 225 Ga. App. 324, 325 (484 SE2d 1) (1997).

[35] 208 Ga. App. 354 (430 SE2d 618) (1993).

[36] (Citations omitted.) Id. at 357-358 (4).

[37] *Okross v. State*, 210 Ga. App. 132, 134 (2) (435 SE2d 454) (1993); *Henderson v. State*, 204 Ga. App. 884, 888 (3) (420 SE2d 813) (1992) ("A trial court's finding of sufficient similarity based on the prosecutor's statement of the relevant facts she expects to show is proper") (citation omitted). We observe that the disadvantage of such a truncated procedure is the inability or the unwillingness of the prosecutor to give important details. This is manifest here where the prosecutor did not reveal that unlike the present case, in one of the similar transactions the defendant did not personally sell the drugs to the undercover agent but had a "runner" do it, which runner renegotiated the price. As to the second similar transaction, the prosecutor did not reveal that the drugs found in McClarity's car actually fell out of the dress of an occupant of the vehicle.

"[USCR] 31.3 clearly grants the trial court the discretion as to the reception of evidence. There is no *per se* right to an evidentiary hearing, only to a hearing, nor any mandatory obligation to produce testimonial evidence. The statement in place as to what was expected to be shown revealed facts so as to constitute sufficient similarity . . . between the prior acts and the offenses on trial to permit the admission of such evidence."[38] Other cases imply that the prosecutor's "stating in her place" is evidence itself.[39]

*Harris v. State*[40] reconciled these two concepts by referring to a testimonial hearing as a "full evidentiary hearing" compared to a hearing where the prosecutor is merely "stating in his place the nature of the evidence to be given regarding the similar transaction."[41] Conceding that the rules give no right to an *"evidentiary* hearing," *Grogan v. State*[42] observed: "It is difficult to contemplate what would ordinarily be heard at such a hearing, if not the similarity of the other 'transaction,' which is by nature an evidentiary matter."

*Flowers v. State*[43] concluded that "[b]ecause a similar transactions hearing may be evidentiary, [defendant's] presence will be required, unless [defendant] himself expressly waives his presence at the hearing. [Cit.]" *McGinnis* referred to defendant's required presence at "other proceedings involving evidentiary questions."[44] Because the similar transactions hearing is by nature an evidentiary matter or at least involves an evidentiary question, even if the prosecutor only states the evidence in her place, a defendant's presence is required unless he expressly waives this right.

We need not remand this case to the trial court for another hearing on the admissibility of the similar transactions.[45] McClarity did not object to the introduction of the two similar transactions at trial, and on appeal McClarity did not even enumerate as error the admission of one of the transactions. Because McClarity waived his right to object to the similar transaction evidence, a hearing would be futile.

---

[38] (Citations and punctuation omitted.) *McGowan v. State*, 198 Ga. App. 575, 576 (1) (402 SE2d 328) (1991); *Meier v. State*, 190 Ga. App. 625, 627 (3) (379 SE2d 588) (1989) (same).

[39] See *Stephens v. State*, 261 Ga. 467, 469 (6), n. 2 (405 SE2d 483) (1991); *Banks v. State*, 201 Ga. App. 266, 268 (1) (410 SE2d 818) (1991) (*Stephens* "noted that had the State presented evidence of similarity in the case during trial as it had done in the USCR 31.3 (B) hearing at which the prosecutor stated in his place the relevant facts").

[40] (Citations omitted.) 210 Ga. App. 366, 367 (2) (436 SE2d 231) (1993).

[41] See *Johnson v. State*, 204 Ga. App. 453 (1) (419 SE2d 741) (1992) (physical precedent) (same).

[42] (Emphasis in original.) 192 Ga. App. 234, 236 (384 SE2d 441) (1989).

[43] 220 Ga. App. 814, 816 (3) (468 SE2d 199) (1996), overruled on other grounds, *Strickland v. State*, 223 Ga. App. 772, 775 (1) (a) (479 SE2d 125) (1996).

[44] *McGinnis*, supra, 208 Ga. App. at 357 (4).

[45] *Deal v. State*, 213 Ga. App. 131, 132 (443 SE2d 713) (1994); *McGinnis*, supra, 208 Ga. App. at 358.

*Judgment affirmed. Ruffin, J., concurs. Pope, P. J., concurs specially.*

POPE, Presiding Judge, concurring specially.

I agree with the opinion in full and with the majority's conclusion in Division 2 that McClarity waived his objection to the similar transaction evidence by failing to object to the evidence at trial. McClarity did *not* file a motion in limine regarding the prior transactions, but merely objected at the hearing on the State's motion to introduce evidence of similar transactions. Given these circumstances, the argument here was waived. See *Sapeu v. State*, 222 Ga. App. 509, 510 (4) (474 SE2d 703) (1996).

Despite my agreement that McClarity waived his objection, I concur specially with the opinion because of an important fact which is omitted from the majority's discussion in Division 2. That fact is that the December 1988 similar transaction evidence which McClarity claims was improperly admitted was properly before the jury. Thus, regardless of the lack of an objection, McClarity's argument that the evidence was erroneously admitted is meritless. McClarity was on trial for selling cocaine in 1996 to an undercover police officer in a certain area of Cedartown. Evidence regarding the prior act showed that eight years earlier McClarity was driving a vehicle in the same geographical area and that police searched his vehicle and found 30 grams of cocaine on the person of the passenger in McClarity's vehicle. The witness who had conducted the 1988 search testified that the search was conducted after the police received information that McClarity would be in the area after leaving a local motel. After a jury trial, McClarity was convicted of trafficking in cocaine. The court's finding that there was sufficient similarity between the crimes was proper. See *Tate v. State*, 230 Ga. App. 186, 187 (2) (495 SE2d 658) (1998); *Collins v. State*, 205 Ga. App. 341, 343 (2) (422 SE2d 56) (1992).

DECIDED AUGUST 24, 1998 —
RECONSIDERATION DENIED SEPTEMBER 15, 1998 — ▮▮▮▮▮

*Gerry E. Holmes*, for appellant.
*James R. Osborne*, District Attorney, *Jane A. Levendusky*, Assistant District Attorney, for appellee.