A99A1513. MOORE v. THE STATE.
(521 SE2d 467)

BARNES, Judge.

Following a jury trial, Aaron Moore was convicted of armed robbery and sentenced to 15 years in prison. Moore appeals, contending the trial court erred in refusing to remove a juror who indicated midtrial that she knew one of the State's witnesses. We disagree and affirm.

The record shows that one night, around midnight, an armed robbery occurred at a Winn-Dixie store. Moore and two co-defendants, who later pled guilty and testified against Moore, were arrested for the robbery following a lineup at which they were positively identified by the store cashier.

Two witnesses testified that Moore could not have participated in the robbery because he did not return home from a fair in time to commit the midnight robbery. The State called a rebuttal witness who testified that he had seen Moore on the train returning from the fair sometime between 10:30 and 11:00. On cross-examination, the witness's recollection was challenged, and he admitted he was "not sure" of the times he had been on the train.

Immediately after the rebuttal witness testified, a juror informed the court that she knew the witness from high school. The juror said she told the other jurors only that she knew the witness and had attended high school with him years before. She stated that she liked the witness and knew nothing unfavorable about him. When questioned, the juror said she considered the witness an acquaintance with whom she socialized only in school. When asked her perception of the witness's honesty, she responded: "I don't know.

We didn't really have that much in that relationship to explore his moral stability or whatever."

The court asked the juror if she would place more emphasis on the witness's testimony because she knew him, and she replied, "Yeah, I would probably be unbiased towards him." The State asked her if she could judge the testimony fairly and reach a verdict without bias, and the juror answered, "Yes."

Moore contends the trial judge erred by not removing the juror. Specifically, Moore contends the State did not meet its burden of proving beyond a reasonable doubt that no harm occurred in leaving the juror on the jury. See *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986). For the following reasons, we disagree.

Moore argues he was not afforded an impartial jury because the juror stated she would be more influenced by the testimony of the State's rebuttal witness. However, the juror plainly stated that she would be unbiased towards the witness. "To establish the denial of his right to an impartial jury, [a defendant] must show either (a) actual juror partiality or (b) circumstances inherently prejudicial to that right." (Citations, punctuation and emphasis omitted.) *Jones v. State*, 157 Ga. App. 163, 164 (2) (276 SE2d 674) (1981). Here, the juror unequivocally told the court that her relationship with the witness would not influence her decision-making process.

Further, we have held that a juror need not be dismissed even if she knew the victim, as long as she shows she can be "fair and impartial and decide the case on the basis of the evidence presented." *Davis v. State*, 229 Ga. App. 787, 788 (1) (a) (494 SE2d 702) (1997). Here, the juror voluntarily informed the court of her familiarity with the rebuttal witness and also stated that she could be impartial in reaching a decision. Further, the trial court described the rebuttal witness's testimony as "wishy-washy."

The decision whether to discharge the prospective juror is within the discretion of the trial court, and considering the factors outlined above, we conclude the trial court did not abuse its discretion in declining to remove the juror in the middle of the trial. *Sapp v. State*, 222 Ga. App. 415, 418 (3) (474 SE2d 233) (1996).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 9, 1999.

*Harold S. Gulliver*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Gregory K. Schwarz, Assistant District Attorneys*, for appellee.