A05A1817. SIMS v. THE STATE.
(622 SE2d 909)

MILLER, Judge.

Cedric Bernard Sims was convicted of battery and criminal trespass in connection with an incident involving his ex-girlfriend. Following the denial of his motion for new trial, Sims appeals, arguing that the trial court erred in refusing to remove a juror who admitted during the course of trial that she knew the victim. We disagree and affirm.

Following the presentation of the State's case, a juror approached the trial judge and advised the judge that she recognized the victim. The court then held a hearing outside the jury's presence, during which the following colloquy occurred:

> Trial Court: I[ ] understand[ ] that as the trial has been progressing here that you've realized that you know somebody connected here and I appreciate you bringing that to our attention. . . . Can you tell me what it is you've realized since we started up this morning?
> Juror: I realized that my daughter knows your daughter, Brooke. Meagan.
> Victim: Meagan? Yes.
> Juror: From Henry County Middle School.
> Victim: Yes.
> Juror: They go to school together and I didn't realize it until I saw your mother and when you said Brooke. I was like, oh my god, I do know her. And when her mother came up, I realized that I do know her.
> Trial Court: Okay. Does that affect your ability to be a fair and impartial juror in this case? Can you judge this case based on the law as I have instructed you and will instruct you and the evidence that you hear here in the courtroom?
> Juror: Uh-uh (negative).
> Trial Court: Do you have any concerns about your impartiality here?
> Juror: No.

When questioned by defense counsel, the juror stated that her daughter and the victim's daughter had previously attended the same school, and that sometime during the previous year, her daughter spent one night at the victim's home. The juror explained that she did not immediately recognize the victim because it was dark inside when she dropped off her daughter for the sleepover, and that her recollection was triggered when the victim mentioned her own daughter's name during questioning. The juror further stated that she had no interaction with the victim other than a brief phone conversation to confirm the sleepover.

Sims argues that because the juror did not inform the court that she knew the victim until the middle of trial and because she had a short colloquy with the victim at that time in court, the juror's impartiality was "impeached" and she should have been removed from the jury. We disagree.

"To establish a denial of his right to an impartial jury, a defendant must show either actual juror partiality or circumstances inherently

prejudicial to that right." (Citation omitted.) *Davis v. State*, 229 Ga. App. 787, 788 (1) (a) (494 SE2d 702) (1997). The fact that a juror knows the victim does not require dismissal for cause if the juror indicates that she can be fair and impartial and decide the case based on the evidence presented. Id. Here, the juror had met the victim a year before and had only a brief conversation about her daughter staying overnight at the victim's home. As soon as the juror realized that she knew the victim, she voluntarily informed the court and stated that she could be impartial and decide the case based upon the law and the evidence. See *Moore v. State*, 239 Ga. App. 552, 553 (521 SE2d 467) (1999).

Under the circumstances here, including the brief colloquy between the juror and the victim, we conclude that the trial court did not abuse its discretion in refusing to remove the juror in the middle of trial. See *Moore*, supra.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 4, 2005.

*Scott W. DePlonty*, for appellant.
*Charles A. Spahos, Solicitor-General, Heidi M. Silcox, Assistant Solicitor-General*, for appellee.