## A00A1618. THOMAS v. THE STATE.
(540 SE2d 662)

MILLER, Judge.

Renard Carlos Thomas was tried before a jury and found guilty of aggravated assault, false imprisonment, and aggravated stalking for acts committed against his former girlfriend, Karen Grundy. In five related enumerations of error, he challenges the denial of his motion for new trial on the special ground of ineffective assistance of retained counsel. We affirm.

1. When inadequate representation is alleged,

the critical factual inquiry ordinarily relates to whether the defendant had a defense which was not presented; whether

---

trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; and whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy. Generally, the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness *and* (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.[1]

Thomas's first specification of ineffective assistance is that trial counsel "failed to comprehend the meaning of 'similar transaction evidence,' and therefore failed to timely object to introduction of same." The similar transactions involved Thomas's 1991 guilty plea to simple battery against his then-wife Marguerite Thomas, by "grabbing her and dragging her on the ground," and his 1992 guilty plea to aggravated assault against her by shooting a handgun in her direction.

Trial counsel, aged 79, had a 50-year career in the law but did not have many criminal trials in his practice. Counsel was under the erroneous impression that similar transaction evidence was admissible only for purposes of sentencing. Computer research by counsel's paralegal produced nothing useful. Nevertheless, at the hearing prescribed by Uniform Superior Court Rule 31.3 (B), counsel did object to this evidence on the ground that it was stale. He obtained a contemporaneous limiting instruction on the permissible uses for such similar transaction evidence, when it was offered at trial.

The similar transaction evidence that Thomas was jealous, emotionally and physically abusive, and obsessively controlling in his relationship with his former wife closely paralleled that of Grundy in the case on trial.

In cases of domestic violence, prior incidents of abuse against family members or sexual partners are more generally permitted because there is a logical connection between violent acts against two different persons with whom the accused had a similar emotional or intimate attachment.[2]

---

[1] (Citations and punctuation omitted; emphasis in original.) *Johnson v. State*, 214 Ga. App. 77 (1) (447 SE2d 74) (1994) (whole court).

[2] (Footnote omitted.) *Smith v. State*, 232 Ga. App. 290, 295 (1) (501 SE2d 523) (1998).

Thus, testimony from a former spouse that the accused had beaten, kicked, slapped, and threatened to kill her is admissible to prove a continuing course of abusive and intimidating conduct.[3] And proof of an unrelated shooting is admissible where relevant to show the accused's propensity to use a gun.[4]

We assume that trial counsel's assistance fell below an objectively reasonable standard when he failed to possess that familiarity with similar transaction evidence and persuasive challenges thereto expected of a reasonably effective criminal defense advocate and also when he failed to obtain that familiarity through effective legal research. Nevertheless, we hold that trial counsel's ineffective challenge to *admissible* similar transaction evidence is harmless in this instance because that ineffectiveness cannot reasonably be shown to have changed the outcome of the trial. Since Thomas failed to prove the prejudice element of the necessary showing, the trial court did not err in denying Thomas's motion for new trial based on this specification.[5] The first two enumerations are without merit.

2. In the other three enumerations of error, Thomas contends trial counsel was ineffective in that he failed to prepare adequately for trial, failed to prepare defense witnesses, conducted no pre-trial discovery, filed no motions, submitted no written requests to charge, made only one objection during trial, and failed to vigorously cross-examine the victim and other witnesses for the State. At the hearing on this motion, trial counsel noted the victim's location was confidential pursuant to court order. He defended the trial strategy of impeaching the victim with her words from a taped telephone message she left defendant, wherein she stated she wanted to get back together. Counsel felt defendant was prepared to take the stand and defend himself, after their many hours spent discussing the case. The trial court granted counsel's oral requests to charge based upon the pattern instructions.

Here, it is unnecessary to address each and every specification of challenged trial tactics and strategy. It is sufficient to note that strategic choices made after thorough investigation are virtually unchallengeable.[6] The evidence authorizes the trial court's findings that counsel adequately investigated the case and prepared for trial, with perfectly acceptable trial strategy. Consequently, the trial court's ultimate determination, that Thomas failed to overcome the strong presumption that the assistance actually rendered fell within the

---

[3] *Bohannon v. State*, 208 Ga. App. 576, 578 (2), 579 (2) (b) (431 SE2d 149) (1993).

[4] *Jones v. State*, 236 Ga. App. 330, 332 (1) (b) (511 SE2d 883) (1999).

[5] *Dixon v. State*, 267 Ga. 136, 138 (2) (475 SE2d 633) (1996).

[6] *Stephens v. State*, 265 Ga. 120, 122 (2) (453 SE2d 443) (1995). Accord *Hudson v. State*, 218 Ga. App. 671, 673 (1) (b) (462 SE2d 775) (1995).

broad range of reasonably effective assistance, is not clearly erroneous and is affirmed.[7]

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 20, 2000.

*Richard Green II*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Thomas S. Clegg, Assistant District Attorneys*, for appellee.

