## A01A1431. HOWARD v. THE STATE.
### (553 SE2d 862)

ELLINGTON, Judge.

After a joint trial with co-defendant Tycion London, a Fulton County jury convicted James Carey Howard of burglary, OCGA § 16-7-1 (a); two counts of false imprisonment, OCGA § 16-5-41 (a); and two counts of simple battery, OCGA § 16-5-23 (a).[1] A third co-defendant, Laveal Lamar Jones, pled guilty before trial and testified against London and Howard. Howard contends he was denied the effective assistance of counsel; the trial court erred in denying his motion for severance; the evidence was insufficient to support his conviction; and his constitutional rights were violated. Finding no error, we affirm.

1. In addressing Howard's contentions that the evidence was insufficient and that he was entitled to a directed verdict of acquittal, this Court uses the same standard of review, that is, whether the evidence presented was sufficient for a rational factfinder to find the

---

[1] London was convicted on the burglary and false imprisonment counts, as well as two counts of aggravated assault. *London v. State*, 247 Ga. App. 618 (544 SE2d 525) (2001).

defendant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lane v. State*, 248 Ga. App. 470, 471 (1) (545 SE2d 665) (2001). In making this determination, we do not weigh the evidence or determine witness credibility, and we view the evidence in the light most favorable to the verdict. *Lane v. State*, 248 Ga. App. at 471 (1). Moreover, Howard no longer enjoys the presumption of innocence. Id.

The evidence presented against both London and Howard is summarized in this Court's decision in *London v. State*, 247 Ga. App. 618-619 (544 SE2d 525) (2001). As in *London*, we have reviewed the record on appeal and find that the evidence was sufficient to support Howard's convictions. Id. at 622-623 (5).

2. Howard argues that he did not waive his constitutional rights before giving a statement to police. Although the trial court, after conducting a *Jackson-Denno*[2] hearing, determined that Howard's custodial statement was given freely and voluntarily, it excluded the statement from trial under *Bruton*.[3] Accordingly, this claim lacks merit.

3. Howard contends that his constitutional rights were violated when he was denied legal representation during the presentation of evidence to the grand jury and during the preliminary hearing. Since Howard failed to raise this issue in his motion for new trial or at the hearing thereon, this enumeration is waived. See *Proffitt v. State*, 181 Ga. App. 564, 566 (2) (353 SE2d 61) (1987).

4. For the reasons given in this Court's decision in *London v. State*, 247 Ga. App. at 619-620 (1), the trial court did not err in denying Howard's motion to sever.

5. Howard's contention that the indictment was defective also is without merit for the reasons given in *London v. State*, 247 Ga. App. at 620-621 (2).

6. Howard argues that he was denied the right to represent himself at trial. In the alternative, he contends the trial court should have delayed the trial long enough for him to hire different counsel.

The record shows that Howard fired his retained counsel on the Friday before his trial was to begin on Monday. Howard admits that he did so "with full intention of hireing [sic] [other] retained counsel." Howard did not attempt to retain other counsel over the weekend. In court on Monday morning, Howard told the trial court that he fired counsel because he disagreed with counsel's recommendations about how to proceed at trial. Even so, Howard did not ask the trial court to appoint new counsel, delay the trial to give him the opportunity to

---

[2] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[3] *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

hire new counsel, or allow him to go forward pro se; he simply refused to proceed to trial with his retained counsel. The trial court found that Howard failed to raise this issue in a timely manner, particularly since the case already had been on eight trial calendars. It determined that Howard's attempt to fire counsel immediately prior to trial was simply a delay tactic and ruled that the trial would go forward as scheduled.

Both the federal and state constitutions guarantee a criminal defendant the right to self-representation. See *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975); 1983 Ga. Const., Art. I, Sec. I, Par. XII. An unequivocal assertion of the right to represent oneself, made prior to trial, should be followed by a hearing to ensure that the defendant knowingly and intelligently waives the right to counsel and understands the disadvantages of self-representation. In the case at bar, appellant did not make an unequivocal assertion of his right to represent himself prior to the commencement of his trial. While his remarks may be construed as an expression of dissatisfaction with his attorney, they cannot be construed as an assertion, much less an unequivocal assertion, of his right to represent himself.

(Citations and footnote omitted.) *Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990). Accordingly, the trial court did not err in failing to conduct a *Faretta* hearing. Further, "[a] criminal defendant will not be permitted to use the discharge of counsel and employment of another as a dilatory tactic in postponing or avoiding trial of the issue." (Citations and punctuation omitted.) *Mallory v. State*, 225 Ga. App. 418, 422 (4) (483 SE2d 907) (1997). The trial court did not abuse its discretion in requiring Howard to proceed to trial with his original retained counsel.

7. Howard contends he was denied the effective assistance of counsel.

Under the standard established in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), one asserting his trial counsel's performance was so deficient as to deny him effective assistance of counsel under the Sixth Amendment must make two affirmative showings: that counsel's representation fell below an objective standard of reasonableness (i.e., that counsel performed deficiently); and that such deficiency prejudiced the defense. Concerning the prejudice component, the Court (in *Strickland*) held that the

defendant must show that there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Furthermore, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citations omitted.) *Jordan v. State*, 247 Ga. App. 551, 554 (2) (544 SE2d 731) (2001).

(a) Howard contends that counsel should have objected to portions of the State's closing argument. Counsel testified at the hearing on Howard's motion for new trial that he did not believe the State's argument was objectionable. See *Simmons v. State*, 266 Ga. 223, 228 (6) (b) (466 SE2d 205) (1996) (attorneys are permitted a broad range of argument during final summation). It is permissible for the State to comment on a defendant's failure to present evidence to rebut the State's prima facie case. See *Miller v. State*, 240 Ga. App. 18, 19 (2) (522 SE2d 519) (1999). Further, counsel stated that he did not object because an objection would have amplified some of the more damaging statements and may have reflected poorly on the defense. These strategic decisions are not subject to second-guessing by this Court. *Quintanilla v. State*, 273 Ga. 20, 21-22 (3) (537 SE2d 352) (2000); *Thomas v. State*, 246 Ga. App. 448, 450-451 (2) (540 SE2d 662) (2000).

(b) Howard's remaining assertions of ineffective assistance are resolved by Divisions 2, 3, 4, and 5, supra.

8. Finally, Howard contends the State withheld information about a deal with a co-defendant to exchange his testimony for a lighter sentence. This issue has been decided adversely to Howard, however, in *London v. State*, 247 Ga. App. at 622 (4).

9. Howard's motion for an appeal bond is denied as moot.
*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

Decided August 16, 2001.

James C. Howard, *pro se.*

*Paul L. Howard, Jr., District Attorney, Alvera A. Wheeler, Assistant District Attorney*, for appellee.