## A04A1643. CRUTCHFIELD v. THE STATE.

(603 SE2d 462)

BLACKBURN, Presiding Judge.

Following a jury trial, Michael Crutchfield appeals his conviction for theft by taking arising out of his failure to return a vehicle he took for a test drive. He challenges the sufficiency of the evidence and claims the court erred in not allowing him to represent himself. We hold that the evidence sufficed to sustain the conviction and that Crutchfield never made an unequivocal request for self-representation. Accordingly, we affirm.

1. Crutchfield first challenges the sufficiency of the evidence.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to support the jury's verdict and determine if a rational trier of fact could find each essential element of the crimes charged beyond a reasonable doubt. We do not weigh the evidence or determine witness credibility. Conflicts in witness testimony are matters of credibility for the jury to resolve. And as long as there is some evidence, even though contradicted, to support each fact necessary for the state's case, the verdict will be upheld.

(Punctuation and footnote omitted.) *Morgan v. State.*[1] See *Jackson v. Virginia.*[2]

Viewed in that light, the evidence shows that a truck owner consigned her truck to a car dealer with the understanding that for a commission, the car dealer would sell the truck on her behalf. Using crutches, Crutchfield came to the car dealer's lot and requested an opportunity to test drive the truck. The car dealer allowed him to test drive the truck based on Crutchfield's promise to return the truck within five minutes; however, Crutchfield never returned, nor did he contact the car dealer with any explanation. The car dealer reported the truck stolen. A week later, an officer saw the truck being driven on the road but was not able to see or identify the driver clearly. The driver stopped the truck and escaped. The officer recovered the truck and found therein a checkbook and other documents bearing Crutchfield's name.

An accusation filed against Crutchfield stated that, being in lawful possession of the truck, Crutchfield appropriated the truck to his own use with the intent to deprive the truck's owner of the truck. Based on the evidence cited above, the jury found Crutchfield guilty.

OCGA § 16-8-2 provides that a person commits theft by taking when he, "being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property." Being in lawful possession of the truck for purposes of a short test drive, Crutchfield unlawfully appropriated the truck by failing to return the truck as promised. His intent to deprive the truck's owner of the truck could be inferred from his failure to contact the car dealer to explain the failure to return the truck, and from his retention of the truck as evidenced by the documents bearing his name which were in the truck when recovered by police a week later.

Crutchfield argues that the evidence showing his "intent to deprive" was purely circumstantial in nature and that an equally reasonable hypothesis was that a third person stole the truck from him, which would explain his failure to return the truck. He points to the evidence showing that he had crutches when he entered the dealership and showing that the truck's driver a week later ran from the truck without using crutches. He also focuses on the officer's inability to identify him as the truck's driver. Thus, Crutchfield contends that the proved facts regarding his intent did not exclude every other reasonable hypothesis of innocence as required by OCGA § 24-4-6.

We recently reiterated that in circumstantial cases,

---

[1] *Morgan v. State*, 255 Ga. App. 58 (1) (564 SE2d 467) (2002).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

the question whether there is a reasonable hypothesis favorable to the accused is the jury's province. Questions as to reasonableness are generally to be decided by the jury which heard the evidence, and finds beyond a reasonable doubt that there is no reasonable hypothesis other than guilt. The appellate court will not disturb that finding, unless the verdict of guilty is insupportable as a matter of law.

*Clemons v. State.*[3] Here the jury was properly instructed as to its duties. Crutchfield's failure to contact the dealership to explain his failure to return the truck amply supported the conclusion that a theft of the truck by a third person was an unreasonable hypothesis. We discern no error.

2. Crutchfield contends that the court erred in not allowing him to represent himself. Inasmuch as the record reflects that Crutchfield never made an unequivocal request for such, the court was not obligated to conduct a hearing on same and properly directed that Crutchfield proceed to trial with his appointed counsel.

> Both the federal and state constitutions guarantee a criminal defendant the right to self-representation. See *Faretta v. California;*[4] 1983 Ga. Const., Art. I, Sec. I, Par. XII. An unequivocal assertion of the right to represent oneself, made prior to trial, should be followed by a hearing to ensure that the defendant knowingly and intelligently waives the right to counsel and understands the disadvantages of self-representation.

*Thaxton v. State.*[5]
If the request to represent oneself is equivocal, there is no reversible error in requiring the defendant to proceed with counsel. *McClarity v. State.*[6] Thus, statements that amount to nothing more than expressions of dissatisfaction with current counsel do not trigger any requirement that the court hold a hearing under *Faretta* or that the defendant be allowed to proceed pro se. *Thaxton,* supra at 142 (2). See *Howard v. State*[7] (refusing to proceed to trial with retained counsel did not amount to a request to proceed pro se); *Lynott v. State*[8] (appellant's statements that he was being forced to represent himself, and that he wished to discharge counsel and select another or to act

---

[3] *Clemons v. State,* 265 Ga. App. 825, 830 (3) (595 SE2d 530) (2004).
[4] *Faretta v. California,* 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975).
[5] *Thaxton v. State,* 260 Ga. 141, 142 (2) (390 SE2d 841) (1990).
[6] *McClarity v. State,* 234 Ga. App. 348 (1) (506 SE2d 392) (1998).
[7] *Howard v. State,* 251 Ga. App. 243, 244-245 (6) (553 SE2d 862) (2001).
[8] *Lynott v. State,* 198 Ga. App. 688, 689 (2) (402 SE2d 747) (1991).

as co-counsel with present counsel, did not amount to an unequivocal request to proceed pro se).

Crutchfield made no unequivocal request to represent himself. When Crutchfield claimed that he wanted counsel to be discharged, the court asked him who would represent him instead. Crutchfield responded that the court should represent him, which the court indicated was not possible. The court then specifically asked Crutchfield if he wanted to represent himself, which question Crutchfield refused to answer. The court reminded Crutchfield in subsequent pre-trial proceedings that he had the option of firing his counsel and proceeding pro se, and that if he was dissatisfied with counsel's performance during trial, he could raise the issue at that time. Crutchfield agreed to this arrangement. When prior to trial Crutchfield once again expressed dissatisfaction with his attorney, the court told him, "You have the choice of firing him right now. . . . I would advise strongly against that, though, because that would mean that you have to take over your defense and try it yourself." Crutchfield made no request to fire counsel, so the court instructed counsel to proceed with the case. Crutchfield did not raise the issue during trial.

Accordingly, at no point did Crutchfield make an unequivocal request to represent himself. Absent such a request, the court did not err in failing to conduct a *Faretta* hearing or in requiring Crutchfield to proceed to trial with his appointed counsel. *Howard*, supra at 245 (6).

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED AUGUST 10, 2004.

*Daniel R. Partain, Anthony S. Carter*, for appellant.
*W. Kendall Wynne, District Attorney, David E. Boyle, Assistant District Attorney*, for appellee.