**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 11, 2019**

# In the Court of Appeals of Georgia

A18A1892. ALLEN v. THE STATE.

BARNES, Presiding Judge.

Following a jury trial, Dante Allen was found guilty of possession of marijuana with the intent to distribute, driving with an expired license, and improper brake lights. He was sentenced to eight years, to serve two, with the remainder on probation for the possession conviction, and concurrent twelve months of probation sentences for the expired license and improper brake lights convictions. He appeals from the denial of his motion for new trial, as amended, and asserts several claims of ineffective assistance of counsel and that the trial court erred in denying him his Sixth Amendment right to represent himself at trial . Following our review, we affirm.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the jury's verdict. See *Coates v. State*, 342 Ga. App. 148 (802 SE2d

65) (2017), reversed on other grounds, *Coates v. State*, 304 Ga. 329 (818 SE2d 622) (2018). So viewed, the evidence demonstrates that on July 20, 2014 at approximately 3:15 a.m. a uniform patrol watch commander with the Fayette County Police Department stopped the car Allen was driving because the right brake light was not functioning. When asked for his driver's license, Allen instead produced a Georgia identification card, and when the officer inquired whether Allen had a driver's license, he gave the officer an expired Georgia driver's license. The license had expired two days before the stop, and after going to his patrol car to look at the report, the officer again approached Allen, who was still sitting in the car, and requested that Allen exit and step to the rear of the vehicle. The officer talked with Allen about his expired license and asked whether the passenger, who remained seated in the car, had a valid license, and Allen responded that the passenger did not. During this period, a backup officer arrived, and while Allen remained at the rear of the vehicle, the first officer talked with the passenger and confirmed that he also did not have a valid driver's license. As the officer talked with Allen he "started smelling marijuana. But . . . couldn't tell if it was coming from the vehicle or if it was coming from Mr. Allen himself." The backup officer also testified that he smelled the odor of "raw marijuana." The officer asked Allen for consent to search, and when Allen denied the

2

request, the officer called a nearby K-9 officer to the scene for a free air search of Allen's vehicle. The K-9 alerted to Allen's vehicle, and a search of the vehicle revealed a bag of marijuana in the backseat armrest. The bag contained ten individual bags of marijuana weighing a total of 36.4 grams. Both Allen and the passenger denied ownership or knowledge of the marijuana.

1. Allen first contends that trial counsel was ineffective for failing to file a motion to suppress, failing to object to statements made by the prosecutor regarding inadmissible evidence, and failing to request a *Faretta* hearing when Allen requested to represent himself. To succeed on an ineffective assistance claim,

> [Allen] must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. We need not address both the deficient performance and prejudice prongs of the test if the defendant has made an insufficient showing on either prong.

(Citations and punctuation omitted.)*Towry v. State*, 304 Ga. App. 139, 143 (2) (695 SE2d 683) (2010). To demonstrate deficient performance of trial counsel, Allen must show that "counsel's representation fell below an objective standard of reasonableness." (Punctuation omitted.) *Brown v. State*, 288 Ga. 902, 907 (5) (708

3

SE2d 294) (2011). In doing so, "every effort must be made to eliminate the distorting effects of hindsight," and the trial court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (Citation and punctuation omitted). *White v. State*, 265 Ga. 22, 22-23 (2) (453 SE2d 6) (1995). As to prejudice, Allen must show "a reasonable probability of a different outcome" due to trial counsel's deficient performance. *Cobb v. State*, 283 Ga. 388, 391 (2) (658 SE2d 750) (2008). "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Coney v. State*, 316 Ga. App. 303, 306 (3) (728 SE2d 899) (2012).

(a) Allen argues that his trial counsel was ineffective for failing to file a motion to suppress "an illegal traffic stop." He contends that police illegally extended the scope of the stop for the broken brake light without any particular suspicion of contraband, and thus the evidence seized as a result of the stop should have been suppressed rather than admitted at trial. At the motion for new trial hearing, trial counsel testified that his trial strategy in attacking the stop was "nothing. That stop, in my opinion, was valid. . . . It was a valid stop, it wasn't a prolonged stop."

4

"When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003). This, Allen has not done.

> On a motion to suppress contraband discovered during a traffic stop the State bears the burden of proving that the search of the car was lawful, and to carry this burden, the State must show that it was lawful to detain [Allen] until the time the drug dog indicated the presence of drugs. As our Supreme Court has recently explained, claims that an officer illegally prolonged a detention resulting from a traffic stop generally fall into two categories. The first category involves those cases [as here] where the officer allegedly extended the stop beyond the conclusion of the investigation that warranted the detention in the first place, i.e., whether the officer prolonged the stop after concluding his investigation of the traffic violation. In such cases, courts have generally concluded that even a short prolongation is unreasonable unless good cause has appeared in the meantime to justify a continuation of the detention to pursue a different investigation.

(Citations and punctuation omitted) *Bodiford v. State*, 328 Ga. App. 258, 261 (1) (761 SE2d 818) (2014).

Allen does not dispute that the stop of his vehicle based on the brake light violation was authorized. However, contrary to Allen's assertion that he was detained beyond the scope of the original stop, during his investigation of Allen's suspended license, the officer obtained reasonable suspicion of criminal conduct when he detected the odor of marijuana. Based on his suspicion, the officer requested consent to search the vehicle, and when Allen declined, the officer called the K-9 Unit for assistance. There is no evidence that, prior to detecting the odor of marijuana, the officer unreasonably delayed the detention beyond the time necessary to effect the purpose the traffic stop. "[A] reasonable time to conduct a traffic stop includes the time necessary for the officer to run a computer check on the validity of the driver's license and registration, and to check for outstanding warrants and/or criminal histories on the driver and other occupants."(Footnotes omitted.) *Young v. State*, 310 Ga. App. 270, 272 (712 SE2d 652) (2011). See *St. Fleur v. State*, 296 Ga. App. 849, 851-852 (1) (676 SE2d 243) (2009) ("[i]t does not unreasonably expand the scope or duration of a valid traffic stop for an officer to prolong the stop to immediately investigate and determine if the driver is entitled to continue to operate the vehicle by checking the status of the driver's license, insurance, and vehicle registration") (punctuation and footnote omitted). Moreover, here, once the officer detected the

6

odor of marijuana coming from either Allen's person or the car, he was permitted to continue the detention even though the investigation of the reason for the initial traffic stop may have been completed. See *Valentine v. State*, 323 Ga. App. 761, 765 (2) (748 SE2d 122) (2013) (an officer may continue to detain a driver after the investigation of the traffic violation is complete if the officer has "a reasonable, articulable suspicion that [the driver] was engaged in other illegal activity") (citation omitted) .

Thus, as Allen has not demonstrated that the evidence at issue would have been suppressed had counsel made the motion, trial counsel was not deficient for failing to do so. See *Richardson v. State*, 276 Ga. at 553 (3).

(b) Allen also contends that trial counsel was ineffective for failing to object to statements made by the prosecutor about evidence of an internal affairs investigation. Allen argues that the testimony was inadmissible hearsay and was prejudicial in that it tended to support the State's contention that Allen was guilty of the charged offenses. We do not agree.

> During the opening, the prosecutor stated that Allen had
>
> accused [the responding officer] of planting the drugs in the car. You will also hear that Mr. Allen accused [the arresting officer] of drinking

beer at the scene and having alcohol on his breath. And you'll hear the officer's comments about how that exchange went and what happened as a result of that. You're going to hear that there was an internal affairs investigation, that they all gave statements, that they received a statement as well from Mr. Allen. And that the allegations were unfounded.

And later the arresting officer testified that during his arrest, Allen had accused the responding officer of planting marijuana in the car and the arresting officer of drinking alcohol during the stop. He testified that Allen had filed an internal affairs complaint and that, as a result, he was interviewed by internal affairs and provided them with a statement.

At the hearing on the motion for new trial, Allen's trial attorney testified that he did not find the statements objectionable and further testified that he did not believe that the information was harmful to Allen's defense. Specifically, as to the statements made during the opening, trial counsel testified that he did not need to object to the statements made about the internal affairs investigation because, Allen "was going to take the stand at that point and I was going to use him to rebut all of that." "Whether to object to the content of an opening statement is a tactical decision," and trial counsel's "reasonable tactical decision" not to object during

opening statements does not generally qualify as deficient performance. *Phillips v. State*, 285 Ga. 213, 219 (5) (a) (675 SE2d 1) (2009). Here, trial counsel's decision to forego objecting to these statements during the opening was a matter of trial strategy that Allen has not established was unreasonable. This is true, even though Allen later decided not to testify. See *Smallwood v. State*, 296 Ga. App. 16, 25 (4) (e) (673 SE2d 537) (2009) (effectiveness of trial counsel is not evaluated by hindsight or by what present counsel would have done). Thus, it did not qualify as deficient performance in this case.

As to Allen's assertion that the arresting officer's testimony about the internal affairs investigation was inadmissible hearsay, trial counsel testified that he "found no error" in the testimony, did not find the line of questioning improper, and did not believe evidence of an unsubstantiated internal complaint made by Allen against the officers would negatively impact his defense. Again, "decisions of when and how to raise objections are generally matters of trial strategy. …" (Footnote omitted.) *Holmes v. State*, 271 Ga. App. 122, 124 (3) (608 SE2d 726) (2004). And "[d]ecisions about … whether to object … provide no grounds for reversal unless they are so patently unreasonable that no competent attorney would have chosen that tactic." (Citation omitted.) *Allen v. State*, 281 Ga. App. 294, 296 (3) (635 SE2d 884) (2006). Here,

Allen bore the burden of overcoming the strong presumption that his trial counsel's decision not to object to the testimony was reasonable trial strategy and of proving instead that it constituted deficient performance. See *Peterson v. State*, 282 Ga. 286, 292 (4) (d) (647 SE2d 592) (2007). He has not met that burden. Allen has not shown that the officer's testimony about the internal affairs investigation, to which he was subjected and of which he had personal knowledge, would have been excluded as inadmissible hearsay. On appeal, although he asserts, and this Court agrees, that hearsay is generally inadmissable, beyond that assertion with attendant legal citations, Allen does not support with either argument or authority, why the testimony *at issue* would have, or should have, been excluded as hearsay. See OCGA § 24-8-801 (c) ("'Hearsay' means a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); OCGA § 24-8-801 (d) (1) (A) ("An out-of-court statement shall not be hearsay if the declarant testifies at the trial or hearing, is subject to cross-examination concerning the statement, and the statement is admissible as a prior inconsistent statement or a prior consistent statement under Code Section 24-6-613 or is otherwise admissible under this chapter." This claim of deficient performance also fails.

10

(c) Allen also contend that trial counsel was ineffective for failing to request a *Faretta* hearing when Allen requested to represent himself. See *Faretta v. California*, 422 U. S. 806 (95 SC 2525, 45 LE2d 562) (1975). According to Allen, when the trial court did not inquire into his requests to represent himself at trial, trial counsel had a duty to do so on Allen's behalf. Because Allen has also asserted that the trial court erred in refusing his request to represent himself, we first address whether a *Faretta* hearing was required under the circumstances of this case. That is, whether Allen made an unequivocal assertion of his right to represent himself prior to trial. See *Danenberg v. State*, 291 Ga. 439, 440 (2) (729 SE2d 315) (2012) ("The pre-trial unequivocal declaration of a defendant that he wishes to represent himself must be followed by a hearing at which it is determined that the defendant knowingly and intelligently waives 'the traditional benefits associated with the right to counsel.'") (quoting *Faretta v. California*, supra, 422 U. S. at 835-836); *Crutchfield v. State*, 269 Ga. App. 69, 71 (2) (603 SE2d 462) (2004) (an unequivocal assertion of the right to represent oneself, made prior to trial, "should be followed by a hearing to ensure that the defendant knowingly and intelligently waives the right to counsel and understands the disadvantages of self-representation.") (punctuation omitted).

11

The record shows that prior to trial, the trial court inquired as to whether there were any pretrial issues to address and the State responded that "I think Mr. Allen wants to fire the Public Defender's Office." The trial court asked if there were any motions from the defense, and Allen's trial counsel responded that there was "[n]othing. Other than Mr. Allen wants to make a statement." In a lengthy statement Allen requested a continuance, acknowledged that he "had four Public Defenders since the case has been open," complained that he was unhappy with his present representation and that a previously agreed-upon plea deal had been withdrawn, and expressed that he was in the process of retaining his own attorney. At the conclusion of Allen's statement, the State responded that, for the record, it would like the trial court to know the details of the last plea offer "if, in fact, you were going to allow him to not have a lawyer and proceed without a lawyer." The following exchange then occurred:

Trial court: What are you talking about? There is no discussion about proceeding without a lawyer.

State: Well, initially, he came in today and told you about wanting to go –

Trial Court: I haven't heard any of that.

The State: Ok.

12

Trial Court: I just heard a long elocution. I didn't hear any of that. Is there anything else you want to say?

Allen responded that he did not feel that his current attorney had his best interest in mind, that he did not think the attorney wanted to represent him, and that he did not feel "comfortable with him representing me." Allen then concluded with a lengthy statement about his work history, praise for the public defender who had preceded current counsel, and additional complaints about his current representation. The trial court then called the case for trial and when Allen inquired whether he would be able to present certain documents toward his defense, the trial court answered, "Through your attorney please. Thank you very much." Allen then asked, "Am I able to proceed by myself, Your honor? I don't mind doing that by myself. I think I have a better chance representing myself because I know the truth and I want to make sure about all the things that I heard. And I'm not sure if my attorney is going to allow me to speak up and do that for myself." The trial court responded, "Okay. Thank you very much. Let's start." Thereafter, there was no other discussion from Allen about representing himself during trial.

In its order denying Allen's motion for new trial, the trial court found that Allen had not made an unequivocal assertion of the right to represent himself. We

13

agree that Allen's statements regarding self-representation are not unequivocal, but appear to equivocate between dismissing his current public defender, retaining new counsel, or representing himself.

> If the request to represent oneself is equivocal, there is no reversible error in requiring the defendant to proceed with counsel. *McClarity v. State*[, 234 Ga. App. 348 (1) (506 SE2d 392) (1998).] Thus, statements that amount to nothing more than expressions of dissatisfaction with current counsel do not trigger any requirement that the court hold a hearing under *Faretta* or that the defendant be allowed to proceed pro se. *Thaxton* [*v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990)]. See *Howard v. State*[, 251 Ga. App. 243, 244-245 (6) (553 SE2d 862) (2001)] (refusing to proceed to trial with retained counsel did not amount to a request to proceed pro se); *Lynott v. State*[, 198 Ga. App. 688, 689 (2) (402 SE2d 747) (1991)] (appellant's statements that he was being forced to represent himself, and that he wished to discharge counsel and select another or to act as co-counsel with present counsel, did not amount to an unequivocal request to proceed pro se).

*Crutchfield v. State*, 269 Ga. App. 71-72 (2) (603 SE2d 462) (2004).

Thus, absent an unequivocal request to represent himself, the trial court did not err in failing to conduct a *Faretta* hearing, and thus trial counsel was not deficient for

failing to request such.[1] See *McCoy v. State*, 285 Ga. App. 246, 249 (4) (b) (645 SE2d 728) (2007) ("failure to make a meritless argument does not constitute ineffective assistance of counsel") (footnote omitted).

2. Allen contends that the trial court erred in refusing his request to represent himself at trial. As we found in the prior division, Allen did not make an unequivocal assertion of his right to represent himself. His remarks expressed dissatisfaction with his attorney, the possibility of retaining his own counsel, and possibly representing himself. They cannot be construed as an unequivocal assertion of his right to represent himself. See *Danenberg v. State*, 291 Ga. at, 440-441 (2).

Accordingly, the trial court did not err in denying Allen's motion for new trial.

*Judgment affirmed. McMillian and Reese, JJ., concur.*

---

[1] Trial counsel testified at the hearing on the new trial motion that Allen had "never expressed . . . the wish to represent himself."