**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 10, 2019**

# In the Court of Appeals of Georgia

A19A0208. COOPER v. THE STATE.

COOMER, Judge.

Following a jury trial, Frank Cooper was convicted of one count of aggravated battery (OCGA § 16-5-24), one count of felony obstruction of an officer (OCGA § 16-10-24 (b)), and two counts of misdemeanor obstruction of an officer (OCGA § 16-10-24 (a)). On appeal, he argues that the trial court erred by failing to conduct a *Faretta* hearing after he made a request to represent himself. He also argues that the trial court committed error by failing to *sua sponte* instruct the jury on his sole defense of justification as to felony obstruction of an officer. For the reasons that follow, we affirm Cooper's convictions, but vacate count 2 because the trial court should have merged it with count 1 for sentencing purposes.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the verdict. *Whaley v. State*, 337 Ga. App. 50, 50 (785 SE2d 685) (2016). So viewed, the record shows that in November 2014, Cooper and another inmate in the Hall County Jail, Timothy Thornton, tampered with their locks, enabling them to leave their cells at an unauthorized time. Officers approached, and a fight ensued with Thornton.

After seeing Officer Young punch Thornton in the groin, Cooper jumped into the fight, tackling Officer Young. The tackle immediately broke Officer Young's ankle. At that point, the fight escalated and the scene became chaotic. However, police eventually restrained and handcuffed Thornton. They also deployed pepper spray against Cooper. As Thornton and Cooper were led away from the scene, Officer Young sought medical treatment for his injured ankle.

Cooper was charged with aggravated battery, felony obstruction of an officer, and two counts of misdemeanor obstruction of an officer. He was convicted of all charges. After the jury's verdict, Cooper timely filed a motion for new trial. Following a hearing, the trial court denied that motion, resulting in this appeal.

1. In his first enumeration, Cooper asserts that he made an unequivocal request to represent himself, and therefore, the trial court was obligated to hold a *Faretta*

hearing prior to trial. *See Faretta v. California*, 422 U. S. 806 (95 SCt 2525, 45 LEd 2d 562) (1975). We disagree.

> Both the federal and state constitutions guarantee a criminal defendant both the right to counsel and the right to self-representation. See *Faretta*, 422 U. S. at 819–820 (III) (A); Ga. Const. of 1983, Art. I, Sec. I, Pars. XII, XIV; *Taylor v. Ricketts*, 239 Ga. 501, 502 (238 SE2d 52) (1977) ("A state may not force a lawyer upon an appellant when he insists that he wants to conduct his own defense. [Cit.]"). If a defendant makes a pre-trial, unequivocal assertion of the right to self-representation, the request must be followed by a hearing to ensure that the defendant knowingly and intelligently waives the "traditional benefits associated with the right to counsel" and understands the "disadvantages of self-representation so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U. S. at 835–836 (Citation and punctuation omitted). See *Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990). If the assertion of the right to proceed without the benefit of counsel is equivocal, there is no reversible error in requiring the defendant to proceed with counsel. See *McClarity v. State*, 234 Ga. App. 348 (1) (506 SE2d 392) (1998).

*Wiggins v. State*, 298 Ga. 366, 368 (2) (782 SE2d 31) (2016).

Here, prior to trial, Cooper's counsel addressed the trial court and said, "Mr. Cooper has raised the possibility back in the holding cell that he may have wanted to

ask the court if he could represent himself with me sitting at the table. I have no objection to either." Cooper indicated that he believed his counsel had not had sufficient time to prepare for trial. He said that if he did represent himself, he wanted a continuance to review his case. When the trial court told him that the trial would proceed that day, Cooper responded "All right. That's fine." Cooper never made any additional statements about his counsel or his desire to proceed pro se.

This brief colloquy with the trial court did not amount to an unequivocal request for self-representation. *See Bettis v. State*, 328 Ga. App. 167, 169 (1) (761 SE2d 570) (2014) ("[T]o invoke the right of self representation, the defendant must make an unequivocal assertion of his right to represent himself prior to the commencement of his trial." (citation and punctuation omitted)). Throughout the discussion with the trial court, Cooper never clearly and definitively said that he wanted to relieve counsel and proceed to trial on his own. Whenever he mentioned representing himself, he always used qualifying language such as "say that I do represent myself. . . ." Even when counsel first raised the issue, he said that Cooper "*may have wanted to ask the court* if he could represent himself . . . ." (Emphasis supplied.) Cooper's ambivalence therefore did not put the trial court on notice that it should engage in a *Faretta* inquiry.

4

Moreover, Cooper made these allusions to representing himself within the context of asking for a continuance. Cooper believed that his counsel was not fully prepared for trial, and if Cooper were to represent himself, he would have wanted additional time to prepare his defense. *See Crutchfield v. State*, 269 Ga. App. 69, 71 (2) (603 SE2d 462) (2004) ("[S]tatements that amount to nothing more than expressions of dissatisfaction with current counsel do not trigger any requirement that the court hold a hearing under *Faretta* or that the defendant be allowed to proceed pro se.") When the trial court denied his continuance, Cooper affirmatively accepted the ruling and never mentioned his desire to represent himself again. Because the record is devoid of any instance where Cooper made a clear and unequivocal request to represent himself, the trial court did not err in failing to conduct a *Faretta* hearing. *Crutchfield* 269 Ga. App. at 71 (2).

2. Cooper next argues that the trial court erred in failing to instruct the jury on justification because that was his sole defense to felony obstruction of an officer. However, because Cooper's conviction for felony obstruction of an officer should have merged into his aggravated battery conviction, we do not reach the merits of his sole defense argument.

"Where neither party properly raises and argues a merger issue, this Court has no duty to scour the record searching for merger issues. However, if we notice a merger issue in a direct appeal, as we have here, we regularly resolve that issue, even where it was not raised in the trial court and is not enumerated as error on appeal." *Hulett v. State*, 296 Ga. 49, 54 (2) (766 SE2d 1) (2014) (citations and punctuation omitted).

"The test for determining whether one crime is included in another, and therefore merges as a matter of fact, is the 'required evidence' test—whether conviction for one of the offenses is established by proof of the same or less than all the facts required to establish the other crime." *Welch v. State*, 298 Ga. 320, 324 (6) (781 SE2d 768) (2016) (citation omitted).

Here, in count 1, the State charged Cooper with felony aggravated battery by "knowingly and maliciously caus[ing] bodily harm to a correctional officer, to-wit: Phillip Young, while said officer was engaged in the performance of his official duties, by rendering useless a member of his body, to-wit: right ankle, in violation of O.C.G.A. § 16-5-24."

Count 2 charged that Cooper committed felony obstruction of an officer by "knowingly and willfully oppos[ing] Phillip Young, a correctional officer in the

6

lawful discharge of his official duties, by doing violence to such officer in violation of O.C.G.A. § 16-10-24." The testimony at trial showed that Cooper entered the fight and tackled officer Young thereby injuring his ankle. This evidence was sufficient to satisfy both the aggravated battery and felony obstruction of an officer counts as charged. To prove the aggravated battery count, the State had to show that Officer Young was engaged in his official duties, and that Cooper injured Officer Young's ankle. To prove the felony obstruction charge, the State was required to show that Officer Young was engaged in his official duties, and that Cooper "did violence" to Officer Young.

Because injuring another's ankle amounts to "doing violence", these convictions must merge. The same evidence (injuring Officer Young's ankle while he was engaged in official duties) was used to support both the obstruction and the aggravated battery charges as they were set forth in the indictment. The felony obstruction count was therefore included in the aggravated battery count as charged. *See Henderson v. State*, 252 Ga. App. 295, 300 (3) (556 SE2d 204) (2001) (obstruction of an officer merged into aggravated battery where they were both based on the single act of biting the officer). Based on our determination that felony

7

obstruction merges into aggravated battery in this instance, Cooper's enumeration regarding the lack of jury instruction on his sole defense is rendered moot.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Doyle, P. J., and Markle, J., concur.*