**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 30, 2021**

# In the Court of Appeals of Georgia

A21A1216. NEELY v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Magnum Neely was convicted of drug offenses and a traffic violation. He appeals, claiming that the trial court erred in denying his motion to suppress evidence seized during a traffic stop and that his trial counsel was ineffective. Because the officer who stopped Neely unnecessarily prolonged the traffic stop without reasonable, articulable suspicion to do so, the trial court erred in denying the motion to suppress. So we reverse the judgment below and need not reach the ineffective assistance of counsel claims.

1. *Facts and procedural posture.*

Viewed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence presented at trial shows

that on the morning of June 5, 2018, a sheriff's sergeant and deputy were in a patrol vehicle when Neely drove past them. The sergeant driving the sheriff's vehicle made a U-turn and followed Neely. The sergeant saw Neely's car cross over the line on the right side of the road and then swerve over the double yellow line in the middle of the road. The sergeant stopped Neely for the lane violation, approached him as he sat in his car, and saw that he was smoking a cigarette and appeared to be very nervous. The sergeant told Neely that he had stopped him because of the lane violation, and Neely replied that he had been messing with his cell phone.[1] (This was the before the effective date of Georgia's new "hands-free" law imposing various restrictions on the use of a cell phone while operating a motor vehicle. See OCGA § 40-6-241 (effective July 1, 2018.)

The sergeant took Neely's driver's license and went back to the sheriff's vehicle to check the license while the deputy stayed beside Neely's car. After determining that Neely's license was valid and that there were no outstanding warrants for him, the sergeant returned to Neely's vehicle and ordered him to get out

---

[1]The sergeant noted during his testimony that the traffic stop occurred prior to the effective date of Georgia's new "hands-free" law imposing various restrictions on the use of a cell phone while operating a motor vehicle. See OCGA § 40-6-241 (effective July 1, 2018).

of his car. The sergeant directed Neely to stand by the rear of the car and asked him if there was anything in the car. Neely replied that he had just smoked. The sergeant then asked if there was anything else in the car, and Neely said that there were pills and a blunt in his car. The sergeant and deputy then searched Neely's car while another officer who had arrived at the scene detained Neely. Inside the car, the officers found, among other things, methamphetamine, marijuana, cocaine, over $3,000 in cash, a digital scale, and plastic baggies.

Neely was arrested and subsequently indicted for trafficking methamphetamine, possessing cocaine and marijuana with intent to distribute, and failing to maintain a lane. He pled not guilty to the charges and filed a motion to suppress evidence seized during the traffic stop, asserting that the arresting officer had prolonged the stop past the point of completion without reasonable suspicion of criminal activity. After a hearing at which the sergeant testified, the trial court denied the motion to suppress.

The case proceeded to trial before a jury, which found Neely guilty of all charges. The court imposed concurrent sentences totaling 30 years, with the first 15 years to be served in confinement and the remainder on probation. Neely filed a motion for new trial, which was denied, and this appeal followed.

2. *Denial of motion to suppress.*

Neely contends that the trial court erred in denying his motion to suppress evidence seized during the traffic stop because the arresting officer improperly prolonged the stop. We agree.

> The [s]tate bears the burden of proving that the search of the vehicle was lawful, and to carry this burden, the [s]tate must show that it was lawful to detain [Neely] after dispatch returned information about his license [validity and the absence of any warrants] . . . . Claims that an officer illegally prolonged a detention resulting from a traffic stop generally fall into two categories. The first category involves those cases as here where the officer allegedly extended the stop beyond the conclusion of the investigation that warranted the detention in the first place, i.e., whether the officer prolonged the stop after concluding his investigation of the traffic violation. In such cases, courts have generally concluded that even a short prolongation is unreasonable unless good cause has appeared in the meantime to justify a continuation of the detention to pursue a different investigation. An officer may continue to detain a driver after the investigation of the traffic violation is complete only if the officer has a reasonable, articulable suspicion that the driver was engaged in other illegal activity.

*Weaver v. State*, 357 Ga. App. 488, 491 (851 SE2d 125) (2020) (citations and punctuation omitted). See also *State v. Allen*, 298 Ga. 1, 4 (2) (a) (779 SE2d 248) (2015) (traffic stop that is initially justified by the interest in issuing a ticket to the driver becomes unlawful when it is prolonged beyond the time reasonably required to complete that mission).

4

In this case, it is undisputed that the time it took the sergeant to check the validity of Neely's license and for outstanding warrants did not unreasonably prolong the traffic stop. "A reasonable time to conduct a traffic stop includes the time necessary for the officer to run a computer check on the validity of the driver's license and registration, and to check for outstanding warrants and/or criminal histories on the driver and other occupants." *Allen v. State*, 348 Ga. App. 595, 598 (1) (a) (824 SE2d 50) (2019) (citation and punctuation omitted). But after the officer learned that Neely's license was valid and that there were no outstanding warrants, he did not then conclude the traffic stop for the lane violation and allow Neely to leave. See *State v. Allen*, supra at 6 (2) (a) n. 4 ("Normally, the traffic stop ends when the police have no further need to control the scene, and inform the driver and passengers they are free to leave.") (citation and punctuation omitted); *Bodiford v. State*, 328 Ga. App. 258, 267 (2) (761 SE2d 818) (2014) (if license check showed no problems and no outstanding warrants, the traffic stop would be concluded and defendant would be free to go). Instead, the sergeant prolonged the stop and continued to detain Neely by telling him to get out of his car, directing him to the rear of the car, and questioning him about what was in the car — a matter unrelated to the traffic stop for a lane violation. See *Duncan v. State*, 331 Ga. App. 254, 257 (770

5

SE2d 329) (2015) ("Notably, the officer never told [the defendant] that she was free to go and a reasonable person in her position, asked to step out of her car on the highway and interrogated by an officer, would not likely have felt free to go about her business."). As explained above, this prolonging of the traffic stop was authorized "only if the officer ha[d] a reasonable, articulable suspicion that (Neely) was engaged in other illegal activity." *Bodiford*, supra (citation and punctuation omitted).

Here, the trial court found that the officer had such reasonable, articulable suspicion to prolong the traffic stop because Neely appeared overly nervous and had a freshly lit cigarette, which the officer had said can be used to mask the odor of drugs. "But as this [c]ourt has explained, mere nervousness is not sufficient to support a reasonable articulable suspicion to extend a stop after completion of the original mission." *Weaver*, supra at 491. Accord *Duncan*, supra (defendant's "nervous behavior, even coupled with her looking away and shifting around — conduct consistent with nervousness — was not sufficient to constitute reasonable suspicion of other illegal activity"). And although the officer testified that smoking a cigarette "can be used to mask the odor of an illegal substance, [cigarettes] are themselves legal substances that can be used for a legal purpose and thus do not justify the officer's further detention of [Neely] under the facts of this case." *State v. Thompson*,

6

256 Ga. App. 188, 190 (569 SE2d 254) (2002) (officer did not have reasonable suspicion to prolong traffic stop based on defendant's extraordinary nervousness, defensiveness when asked about marijuana, and strong smell of laundry detergent or dryer sheets that can be used to mask odors of illegal drugs). See also *Matthews v. State*, 330 Ga. App. 53, 58 (766 SE2d 515) (2014) (conduct that was neither illegal nor sufficiently unusual did not provide reasonable basis for suspecting criminal activity); *L. B. B. v. State*, 129 Ga. App. 163 (198 SE2d 895) (1973) ("A cigarette [rolling] paper is legal and gives no cause to arrest and search."). So contrary to the trial court's finding, Neely's nervousness and the freshly lit cigarette did not provide reasonable, articulable suspicion of other criminal activity.

We note that the trial court also found that "[t]he total stop only took three minutes before the defendant admitted that he had smoked and ultimately that there was still a 'blunt' (jargon known to refer to the marijuana) inside of the vehicle." But "there is no bright-line rule for determining when the length of a detention becomes unreasonable[.]" *Nash v. State*, 323 Ga. App. 438, 442 (746 SE2d 918) (2013). And as stated above, "even a short prolongation is unreasonable unless good cause has appeared in the meantime to justify a continuation of the detention to pursue a different investigation." *Weaver*, supra at 490 (citation omitted). Our Supreme Court

7

has explained that "the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's mission — to address the traffic violation that warranted the stop, and attend to related safety concerns." *State v. Allen*, supra at 4-5 (2) (a) (citation and punctuation omitted). So in this case, even the short prolongation of the stop was impermissible since the officer did not have reasonable suspicion to continue detaining Neely in order to pursue a different investigation unrelated to the traffic violation that had justified the initial stop. See id. at 11 (2) (c) (absent reasonable suspicion of another crime, "activities unrelated to the mission of the stop must not extend the time of the stop at all, and such a prolongation of the stop is not permissible"). Indeed, the officer's "[a]uthority for the seizure . . . end[ed] when tasks tied to the traffic infraction [were] — or reasonably should have been — completed." Id. at 15 (2) (e) (citation, punctuation, and emphasis omitted). Because the officer unreasonably prolonged the traffic stop after the mission of the stop was completed, it "render[ed] the seizure at issue unlawful[, a]nd this is true even if that process added very little time to the stop." *Terry v. State*, 358 Ga. App. 195, 202 (1) (854 SE2d 366) (2021) (citations and punctuation omitted). Accord *Heard v. State*, 325 Ga. App. 135, 139 (1) (751 SE2d 918) (2013) (traffic stop prolonged by no more than

8

four minutes was unlawful because it lasted longer than was necessary to effectuate the purpose of the stop).

Under the foregoing circumstances, the trial court abused its discretion in denying Neely's motion to suppress evidence seized from his car. Neely is therefore "entitled to a new trial and we need not address his remaining [ineffective assistance] claims of error. [So] we reverse the trial court's denial of [the] motion to suppress and remand the case for further proceedings consistent with this opinion." *Terry*, supra at 203 (2).

*Judgment reversed. Senior Appellate Judge Herbert E. Phipps concur*s. *Rickman, C. J., concurs in judgment only.*